[Civ. No. 3611. Third Appellate District.—July 10, 1928.]

SALVE BUE, Petitioner, v. SUPERIOR COURT OF SHASTA COUNTY et al., Respondents.

Carter & Smith for Petitioner.

Baker & Ross for Respondents.

PLUMMER, J.—This matter is before us upon an application for a writ of review seeking an order of this court annulling and setting aside that portion of a judgment entered in respondent court on the ninth day of February, 1928, wherein it was adjudged that neither party to the action hereinafter named should recover costs.

The record shows that on or about the fourth day of March, 1927, one Harry W. Glover commenced an action in the Justice's Court of Township Number 6, in the county of Shasta, against the petitioner herein to recover the sum of $204.07 to cover damages alleged to have been sustained by the plaintiff in an automobile collision caused by the negligence of the petitioner therein named, Salve Bue, as defendant. Thereafter, and on August 26, 1927, the petitioner herein filed in said action an answer to the complaint filed by the said Harry W. Glover in said Justice's Court, and also a cross-complaint, in which the petitioner, Salve Bue, named the said Harry W. Glover and Oscar Hill, defendants. In his cross-complaint the petitioner alleged that he had been damaged in the sum of $200 by reason of the automobile collision which is described as the same collision as that set forth in the complaint filed by Harry W. Glover, wherein the said Salve Bue alleged and claimed that said collision was due to the careless and negligent manner in which an automobile owned by the said Harry W. Glover had been driven and managed by his agent, Oscar Hill, named as one of the cross-defendants.

Thereafter, Harry W. Glover filed an answer to said cross-complaint and also a notice of motion to strike out said cross-complaint, on the ground that a cross-complaint is not permissible as a pleading in a Justice's Court. Following the proceedings herein stated, it was stipulated and agreed between the parties that the cross-complaint might be treated as a complaint in a separate action in the justice's court, and that both actions might be tried jointly. Thereupon, the actions were so tried, and judgment was entered in the Justice's Court that neither party was entitled to recover from the other upon the alleged causes of action set forth in the complaints of the respective parties. Thereafter, both parties appealed to the superior court of the county of Shasta, where the cause was then tried before a jury and the jury returned a verdict that neither party was entitled to recover from the other, and judgment was thereupon entered, concluding with the following words: "It is therefore ordered, adjudged and decreed that neither said Harry W. Glover nor Salve Bue, the parties in this action above named, shall recover anything from the other party, and that each of said parties shall pay his own costs

of suit incurred herein.'' The application of the petitioner seeks to have reviewed and stricken out that portion of the judgment referring to costs.

There seems to be no controversy between counsel that under the provisions of section 852 of the Code of Civil Procedure a cross-complaint is not permissible in an action begun and tried in a Justice's Court, nor does there appear to have been any attempt made on the part of the petitioner, either in the Justice's Court or in the Superior Court, to present his cause of action against the plaintiff as a counter-claim in defense of the plaintiff's cause of action, as provided for in section 855 of the Code of Civil Procedure. The parties, by stipulation and agreement, have proceeded upon the theory that the pleadings presented two separate and distinct actions, and that trial should be had upon the theory that two separate and distinct actions were being tried at the same time, upon the same testimony, and in this manner submitted to the jury. ■ Under the provisions of section 1024 of the Code of Civil Procedure there is no question but that a successful defendant is entitled to his costs as a matter of course. It is unnecessary to cite authorities to this effect, as both counsel are agreed as to the law, which we think is well settled.

■ Allowance of costs where the statute makes it mandatory, is also a jurisdictional question, and a refusal to award costs where the statute awards them, may be corrected by a writ of review. This appears to be conceded by counsel for the respective parties. The difficulty arises in the application of what we have just stated to be a law. ■ In the proceedings before us, both the petitioner, Salve Bue, and Harry W. Glover, appear to have been actors and also to have been defendants. In so far as either party was an actor, he was not entitled to recover costs. In so far as either party was a defendant, he is entitled to recover costs. Under these circumstances, the respective parties were entitled to a judgment for costs in the action wherein he was, respectively, a defendant.

■ Following this reasoning, it is apparent from the record before us that the petitioner Salve Bue should not have been required to pay the entire expenses of the jury, as appears to be the case by his cost bill filed herein. The jury fees having been incurred in the trial of both actions,

the apportionment thereof is a matter of simple division. ██ As to the taxing of the costs of witness fees, some difficulty may be encountered, but trial courts as well as appellate courts exist for the purpose of solving difficulties and adjusting disputes, and therefore no reason is presented why such costs should not have been ascertained and taxed against the party liable to repay the same under the law. The taxing of the witness fees would seem to depend upon the mere matter of ascertaining whether such expenses were incurred in prosecution of the cause of action set forth by a respective party, or in defense of the cause of action set forth by the opposite party, and allowed and taxed accordingly, or disallowed and not taxed accordingly. As to the jury fees, as we have stated, it is apparent that the petitioner, under the law, should have been awarded judgment for at least one-half thereof. As to the witness fees, nothing is before us upon the record upon which we can express any opinion as to the amount that should be taxed against either party. That the court adopted the convenient method, as stated by counsel for respondent, is doubtless true, but we cannot accept mere convenience as a correct statement of the law or a correct method of procedure.

It is therefore ordered that a writ of review herein be granted as prayed for, and that portion of the judgment reading as follows: ''And that each of said parties shall pay his own costs of suit incurred herein,'' be annulled and set aside and the trial court directed to proceed to ascertain and adjust the costs between the respective parties, and enter judgment in favor of each party, in the amount to which it may be found that he is justly entitled.

Finch, P. J., and Hart, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1928.

All the Justices concurred.