[Civ. No. 5323.   Fourth Dist.   June 14, 1956.]

E. J. CECIL, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

Crossland, Crossland & Richardson, William C. Crossland, Loeb & Loeb and Herman F. Selvin for Appellant.

Stammer, McKnight & Barnum and Bronson, Bronson & McKinnon for Respondents.

MUSSELL, J.—Plaintiff appeals from an order disallowing certain items in his memorandum of costs filed in the proceedings on his application for an order of court confirming an arbitration award.  The orders of the trial court denying a motion to vacate the award of the arbitrators and confirming the award were affirmed on appeal by this court in *Cecil* v. *Bank of America,* Civil Number 5304, on May 28, 1956, 141 Cal.App.2d 905 [297 P.2d 810] and the record on appeal in that case is included herein pursuant to rule 11(b) of the Rules on Appeal.

On January 10, 1947, plaintiff E. J. Cecil transferred certain farms to defendant Western Frozen Foods Company, Inc. (hereinafter referred to as "Western") with a written agreement and guaranty that Western would realize a certain amount from the operation of the farms within a limited period. The agreement further provided that any dispute which might arise under its terms would be submitted to arbitration, each party to appoint an arbitrator and these two to select a third. The farms failed to produce the guaranteed profits and a demand was made upon Cecil to make good upon his guaranty. On March 2, 1949, Cecil demanded an arbitration as to his liability and appointed Milo Erwin as his arbitrator. Western appointed C. Ray Robinson as its arbitrator and the third arbitrator (Willey) was appointed by the court. Cecil attempted to obtain a court order removing Robinson as arbitrator and on appeal to this court, the order of the court denying Cecil's application was affirmed. (*Cecil* v. *Bank of America,* 107 Cal.App.2d 38 [236 P.2d 408].)

On December 7, 1949, Cecil instituted an action in the superior court against the Bank of America National Trust and Savings Association (hereinafter referred to as the "Bank") and Western. On April 14, 1950, Cecil, Western and the Bank entered into a written stipulation that the superior court action be stayed pending arbitration. The stipulation set forth the issues subject to the arbitration, but contained no provision for the payment of the costs and expenses thereof. The arbitration, after extensive hearings, resulted in an award favorable to Cecil. Western and the Bank moved to vacate the award and Cecil petitioned for its confirmation. The trial court confirmed the award on May 10, 1950, and Cecil filed the cost bill which is here involved. In it Cecil claims one-half of the compensation of the court appointed appraiser, Willey, and all of the compensation and expenses of Milo Erwin (the arbitrator appointed by Cecil). Various other disbursements for depositions, service of process and transcription were also claimed but these items were allowed by the trial court and are not here involved. The court disallowed the items claimed as compensation and expenses for Willey and Erwin, and Cecil appeals from the order of disallowance, claiming that the prevailing party in an arbitration confirmation proceeding is entitled to costs as of course; that the trial court therefore, had authority to allow any disbursements necessarily incurred; and that fees and

expenses of arbitrators may be among such necessarily incurred items. ■ The costs which were disallowed herein were incurred pursuant to the arbitration agreement of the parties and not in the court proceedings to confirm the award. Under such circumstances, the disputed items were properly disallowed. In *Lief* v. *Brodsky,* 126 N.Y.S.2d 657, it was held that the court had no power to allow costs and disbursements attendant upon a motion to confirm an award where, as here, neither the agreement to arbitrate nor the award referred to any such items. And in *In re Weeks,* 153 Misc. 211 [273 N.Y.S. 922], it was held that under the Civil Practice Act, the court's power was confined to costs on motion to confirm an award where the arbitrators made no finding respecting costs and that in the absence of direction by the arbitrators, the fee for an arbitrator appointed by the court is to be paid equally by the parties to the arbitration.

■ The right to recover costs in any case is purely statutory and in the absence of statute, there is no such right. (13 Cal.Jur.2d, Costs, § 3.) In 5 California Jurisprudence 2d, Arbitration and Award, section 21, it is said that in the absence of an express agreement to pay, it is implied that the party will pay such sums as will fairly and reasonably compensate an arbitrator for services rendered. Our attention has not been directed to any statutory authority to award costs not incurred in court proceedings to confirm an award. Section 1032, subdivision (c) of the Code of Civil Procedure gives the court discretion to allow or apportion costs, but only in connection with *actions,* and sections 1280-1293 of the Code of Civil Procedure relating to arbitration procedure, confer no power upon the courts to award costs incurred in arbitrations. Section 1287 of the Code of Civil Procedure provides that the court must confirm the award, unless it is modified or corrected as prescribed in sections 1288 and 1289, and the allowance of the disputed items as costs herein would constitute a modification of the award not authorized by these code provisions.

■ The record shows that the arbitration proceedings were conducted independently of court action and in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or law, may not be reviewed except as provided in the statute. (*Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 186 [260 P.2d 156].) The affidavit in connection with the proceedings on costs indicates that the issue of whether costs should or

should not be granted to the prevailing party was submitted to the arbitrators and it must be assumed that they ruled upon it adversely to Cecil.

Appellant relies on the case of *Squire's Dept. Store, Inc.* v. *Dudum,* 115 Cal.App.2d 320 [252 P.2d 418], as authority for the allowance of arbitration costs by a superior court. However, in that case the costs were allowed in court proceedings and in the instant case the disputed costs were incurred independently of the court action.

The order appealed from is affirmed.

Barnard, P. J., and Griffin, J., concurred.