[Civ. No. 6163.   Fourth Dist.   Oct. 5, 1959.]

SAN DIEGO TAVERN AND RESTAURANT ASSOCIATION, INC. (a Corporation), Respondent, v. LOCAL JOINT EXECUTIVE BOARD OF SAN DIEGO, Appellant.

Wencke, Carlson & Kuykendall and Walter Wencke for Appellant.

Kimball & Smith for Respondent.

SHEPARD, J.—This is an appeal by Local Joint Executive Board of San Diego, comprising Waiters and Bartenders Local 500 and Culinary Alliance and Hotel Service Employees Local 402 from a special order made January 7, 1959, after final judgment, by which special order the trial court purported to amend *nunc pro tunc* its judgment theretofore entered so as to allocate costs equally between the parties.

From the record before us it appears that on June 25, 1955, San Diego Tavern and Restaurant Association, Inc., respondent herein, entered into a collective bargaining agreement with Local Joint Executive Board of San Diego, comprising Waiters and Bartenders Local 500 and Culinary Alliance and Hotel Service Employees Local 402, appellant herein. The agreement was to expire June 25, 1958, or if a notice of termination was not given more than 30 days prior to said expiration date, it would continue from year to year pending the giving of such notice. Appellant did give notice of termination prior to said 30-day period. The agreement contained, *inter alia,* the following provision:

"SECTION 26 . . .

"k) In the event, other than in isolated instances, the Union contracts with any other employer and sets a pattern with regard to employers of the same general classification as those covered by this agreement, whereby a more favorable provision is granted to that Employer than enjoyed by Association Members under the terms of this contract, the Association may invoke the procedures of the Board. The Board may thereupon insert said provision in this contract."

It also contained a provision for arbitration of disputes, grievances and alleged violations of the agreement.

In preliminary discussion with one of the employer members of respondent such individual member asked for and secured an extension of time as to his own individual place of business in the following language:

"Pursuant to provision and sub-clause 25—that the interested parties do hereby agree to permit *this* establishment to extend the time limit of this Agreement to January 4, 1961, and not to exclude any of the provisions herein."

No other extension was granted to any other employer. July 29, 1958, respondent herein filed an action to compel arbitration on the contention that by the extension of time granted to one of respondent's members as above quoted, appellant had established a "pattern" for all, and that the whole contract remained in effect as to all members. The trial court overruled appellant's objection, denied a motion for summary judgment, denied a motion for special trial, and ordered arbitration.

On arbitration the award was made in favor of appellant's contention that the extension of time given to the individual member was an "isolated instance," did not create or set a "pattern" and that the contract had in fact terminated on June 25, 1958.

On motion the award was confirmed by judgment of the trial court rendered on October 15, 1958, and that judgment assessed costs in favor of appellant and against respondent. Respondent filed a motion to retax costs which was heard and denied by the trial court December 10, 1958. On January 7, 1959, the trial court, acting on information presented through an affidavit filed on behalf of respondent, made an order reciting that through inadvertence the original judgment was in error in that the trial court had not intended by said judgment to award appellant all of its costs but had in truth intended only to order that each party bear one-half the total costs, and went on to order *"nunc pro tunc"* the amendment of the judgment of October 15, 1958, accordingly. It is from this last order that appellant takes its appeal. Neither party has appealed from the original judgment of October 15, 1958, confirming the award of the arbitrator, nor from the award of costs therein contained.

Neither party contends that the trial court could not make a correction caused through inadvertence, and the primary question therefore is, could the trial court in the first instance, when it entered the original judgment, have divided the costs

between the parties. Under the particular circumstances of this case the answer must be in the negative.

■ Code of Civil Procedure, section 1032, provides that costs are allowed as "of course" to "the defendant upon a judgment in his favor in special proceedings." (*Merlino* v. *Fresno Macaroni Mfg. Co.,* 74 Cal.App.2d 120, 126 [3] [168 P.2d 182]; *Stenzor* v. *Leon,* 130 Cal.App.2d 729, 735 [279 P.2d 802].) Allowance of costs where the statute makes it mandatory is a jurisdictional question. (*Bue* v. *Superior Court,* 93 Cal.App. 147, 150 [2] [269 P. 553].)

■ A compulsory arbitration proceeding is a "special proceeding." All matters listed in part 3 of the Code of Civil Procedure are recognized as "special proceedings," and title 9 is that portion of part 3 covering arbitration. (1 Cal.Jur.2d 634, § 34; *Stenzor* v. *Leon, supra.*)

■ It is clear, therefore, that appellant was entitled to recover its costs as "of course" unless the collective bargaining agreement was in existence at the time the action was brought, and if it made provision on allocation of costs. Since the arbitration award, confirmed by the trial court, found that the agreement had terminated and was no longer in existence it cannot be resorted to for any interpretation on the subject of costs, and we are not required to construe its provisions with respect thereto. Thus it results that on a purported arbitration if the contract which is looked to for support of an order on costs is not in existence at the time the action was commenced the subject of costs remains controlled by Code of Civil Procedure, section 1032. (*Squire's Department Store, Inc.* v. *Dudum,* 115 Cal.App.2d 320, 332 [12] [252 P.2d 418].) Since said section 1032 allows costs to the successful party as "of course," the original judgment of October 15, 1958 (never appealed from by either party as above noted), must stand and the special order of January 7, 1959, attempting to divide costs equally between the parties was beyond the power of the court and must fall.

In view of our decision on the amendatory award of costs, we deem it unnecessary to discuss the various other matters raised by appellant in its briefs.

The order and amended judgment of January 7, 1959, are reversed. Appellant will recover costs on appeal.

Griffin, P. J., and Mussell, J., concurred.