[Civ. No. 54566. Second Dist., Div. Four. July 26, 1979.]

THOMAS C. LINDHOLM et al., Plaintiffs and Appellants, v.
GERALD THOMAS GALVIN et al., Defendants and Respondents.

444

[REDACTED]

**COUNSEL**

Thomas C. Lindholm, in pro per., and Lindholm & Lindholm for Plaintiffs and Appellants.

Henderson & Smith and Joseph R. Henderson for Defendants and Respondents.

## Opinion

**JEFFERSON (Bernard), J.**—Plaintiffs Thomas C. Lindholm and Edward Dale Griffin sought damages as provided in Penal Code section 637.2[1] from defendants City of Simi Valley, Gerald Thomas Galvin and Carl Morrow. Thereafter, pursuant to stipulation, defendant city was dismissed from the action without prejudice. Defendants Galvin and Morrow answered the complaint after their demurrer was overruled.

The parties entered into a written stipulation which provided, inter alia, that "[t]his matter shall be tried to conclusion as an arbitration proceeding under the provisions of Section 1282 et seq., of the Code of Civil Procedure."[2] The stipulation also provided for the arbitrator to make findings of fact and conclusions of law. The parties also stipulated for a judgment to be rendered and entered in conformity with the arbitrator's award.

The case was tried before an arbitrator selected pursuant to the parties' stipulation. The arbitrator made findings of fact and conclusions of law in favor of defendants. A judgment in conformity with the award was signed by a superior court judge and entered accordingly. Plaintiffs have appealed from this judgment. We consider this judgment as a confirmation of the award which satisfies the provisions of Code of Civil Procedure section 1287.4.[3]

I

### The Factual Background

The facts giving rise to this litigation are not in dispute. On October 2, 1973, plaintiff Griffin was arrested by Simi Valley police officers and charged with assault on a police officer. The incident had been occasioned by the fact that plaintiff Griffin had been drinking heavily on that day, and a domestic altercation ensued. The police came to subdue

---

[1]The section is the concluding section of chapter 1.5 of the Penal Code, the California Invasion of Privacy Act.

[2]Pursuant to the provisions of rule 12(a) of California Rules of Court, we have, on our own motion, augmented the record by having transmitted to us the superior court file containing the written stipulation executed by the parties.

[3]Code of Civil Procedure section 1287.4 provides: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."

Griffin, and were required to use force. After treatment at a local hospital for some injuries sustained thereby, plaintiff Griffin was taken to the Simi Valley police station and placed in the office of the chief of police.

Griffin was advised of his constitutional rights with respect to custodial interrogation by defendant Police Officer Morrow. Griffin indicated to Morrow that he did not wish to discuss anything with him but desired legal counsel. Morrow had a tape recorder in the chief's office, and recorded the advisement of rights and Griffin's response. When Griffin refused to talk, Morrow turned off the tape recorder. Morrow then conferred with his supervising officer, defendant Galvin, who suggested that Morrow return to the office and engage Griffin in conversation. Morrow did so, and reactivated the tape recorder. Morrow provided Griffin with black coffee and a sympathetic ear.

Within a short period of time, the other plaintiff herein, Attorney Lindholm, arrived at the police station to see Griffin, his client. Lindholm was directed to the chief's office by Galvin. There, with Officer Morrow present, Lindholm discussed Griffin's situation with him. After Lindholm joined the conversation between plaintiff and Officer Morrow, the latter offered information to Lindholm and Griffin about bail arrangements. Unknown to either Lindholm or Griffin, however, was the fact that the tape recorder was activated and recording the three-way conversation.[4]

Thereafter, plaintiffs Lindholm and Griffin discovered that the conversation had been recorded, and this action against the two law enforcement officers ensued.

## II

*Penal Code Sections Providing Liability*
*for Nonconsensual Recording of a Suspect's*
*Jailhouse Conversation With His Lawyer*

Plaintiffs sought damages against defendants pursuant to the provisions of section 637.2 of the Penal Code. Section 637.2 is a part of chapter 1.5 of

---

[4]A transcript of the tape recording was made available to the trial court, and is part of our record on appeal. A substantial portion of it consisted of the fragmented and incoherent utterances of the still intoxicated Griffin, who was mainly interested in expressing, in very profane terms, his extreme displeasure with his spouse.

The transcript clearly shows that Morrow was present in the room during the transcription period and did, on occasion, participate in the Griffin-Lindholm conversation.

the Penal Code, entitled "Invasion of Privacy."[5] The two key sections forming the thrust of plaintiffs' lawsuit are Penal Code sections 636 and 637.2.

Penal Code section 636 provides, in part pertinent to the issue here, that "[e]very person who, without permission from all parties to the conversation, eavesdrops on or records by means of an electronic or other device, a conversation . . . between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and such person's attorney, religious advisor, or licensed physician, is guilty of a felony; . . ."

Penal Code section 637.2 provides, in part relevant to the issue before us, that "[a]ny person who has been injured by a violation of this chapter [ch. 1.5—Invasion of Privacy] may bring an action against the person who committed the violation for the greater of the following amounts: [¶] 1. Three thousand dollars ($3,000). [¶] Three times the amount of actual damages, if any, sustained by the plaintiff. . . . [¶] It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."

Each plaintiff here was seeking $3,000 from each defendant or a total of $6,000 for each plaintiff. A part of the stipulation for arbitration was in accord with the limitations of Penal Code section 637.2, restricting recovery to $3,000 against each person violating a plaintiff's rights in the absence of three times actual damages in excess of this amount.

### III

### *The Arbitrator's Findings of Fact, Conclusions of Law and Award*

The arbitrator made the following relevant findings of fact:

Finding 1 recited: "That on October 2, 1973 Edward Dale Griffin was taken into custody by the Simi Valley Police Department and was transported to the Simi Valley Police Department Offices."

---

[5] The Penal Code sections which make up chapter 1.5 are sections 630 to 637.3.

Finding 2 recited: "That during the time Edward Dale Griffin was in custody at the Simi Valley Police Department, a conversation between Edward Dale Griffin and Thomas C. Lindholm was recorded by means of an electronic device."

Finding 3 recited: "That at the time said conversation was recorded, Thomas C. Lindholm was the attorney for Edward Dale Griffin."

Finding 4 recited: "That the parties have stipulated (1) that said conversation was non-privileged; (2) that said conversation was recorded while Edward Dale Griffin was in the custody of Simi Valley Police Officer Carl L. Morrow; and (3) that there was no actual consent by Thomas C. Lindholm or Edward Dale Griffin that said conversation be recorded."

Finding 5 recited: "That implied consent to the recording of said conversation was not given by either Thomas C. Lindholm or Edward Dale Griffin."

The arbitrator's conclusions of law were as follows:

"1. That Penal Code section 636 applies solely to the recording of privileged conversations.

"2. That the conversation between Thomas C. Lindholm and Edward Dale Griffin which was recorded on October 2, 1973 was not a privileged conversation.

"3. That defendants Gerald Thomas Galvin and Carl L. Morrow, and each of them, are not liable to plaintiffs Edward Dale Griffin and Thomas C. Lindholm, and each of them, for the recording of said conversation on October 2, 1973."

IV

*Does Penal Code Section 636 Apply Solely*
*to Privileged Conversations?*

On this appeal, the parties have directed the main thrust of their arguments to the question of whether Penal Code section 636—which prohibits nonconsensual electric recording of a conversation between a suspect in custody and his "attorney, religious advisor, or licensed

physician"—applies to the recording of all jailhouse conversations between a suspect and his attorney, religious advisor or physician, or only to conversations between these participants which constitute "privileged" conversations.

Since a third person—Officer Morrow—was present during the conversation between plaintiff Griffin and his attorney, plaintiff Lindholm, it is conceded that the statements of Griffin to his attorney would not qualify as a confidential communication between client and lawyer privileged from disclosure pursuant to the lawyer-client privilege set forth in Evidence Code section 954.[6]

In addressing the issue of the appropriate meaning to be accorded to Penal Code section 636, the parties have considered this appeal as an appeal from a judgment rendered by a regular *judge* in a court trial, a jury having been waived. But we must consider the matter of whether we are limited in our review of the judgment because the judgment is one that followed from a trial by an arbitrator rather than one that followed a trial by the court without a jury.

There are significant differences in the appellate review of a judgment confirming an award of an arbitrator and the appellate review of a judgment made by the court following a court trial. We now turn to a consideration of these differences.

V

*The Limitations on Appellate Review of a
Judgment Confirming an
Arbitrator's Award*

In the case before us, the parties were not required to submit their dispute to arbitration by reason of any arbitration agreement. However, they chose, by written stipulation, to have their dispute "tried to conclusion as an arbitration proceeding under the provisions of Section

---

[6]The lawyer-client privilege applies only to a confidential communication between client and lawyer. Evidence Code section 952 limits the concept of a *confidential* communication to "information transmitted between a client and his lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation. . . ."

A similar definition of a confidential communication for the physician-patient privilege is found in Evidence Code section 992, and for the clergyman-penitent privilege in Evidence Code section 1032.

1282 et seq., of the Code of Civil Procedure." Having voluntarily chosen this method, they are bound by the rules of law pertaining to such arbitration.

It has been aptly stated: "Arbitration is a voluntary procedure for settling disputes, leading to a final determination of the rights of the parties. The policy of the law is to favor arbitration, and every reasonable intendment is indulged to give effect to such proceedings. [Citation.] Once a valid award is made by the arbitrator, it is conclusive on matters of fact and *law* and all matters in the award are thereafter res judicata." (*Lehto* v. *Underground Constr. Co.* (1977) 69 Cal.App.3d 933, 939 [138 Cal.Rptr. 419].) (Italics added.) It is significant that "[a]rbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action." (*Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 523 [212 P.2d 233].)

■ Plaintiffs are asking us to vacate the award of the arbitrator—giving judgment in favor of defendants—on the ground that the arbitrator erred in interpreting Penal Code section 636 as proscribing electronic recording of a suspect's jailhouse communications to his lawyer only if the communication comes within the ambit of the lawyer-client privilege. As we shall point out, we are not free, however, to assess the validity of plaintiffs' claim of error on this appeal. To do so would transgress the limitations placed upon the appellate courts in reviewing an arbitration award.

Only "[a] limited form of judicial review of arbitration awards is provided by statute." (*Lehto, supra,* 69 Cal.App.3d 933, 939.) The only grounds upon which a court—trial or appellate—may vacate an arbitration award are set forth in Code of Civil Procedure section 1286.2.[7] It is to be noted that an error of law made by an arbitrator is not a ground specified in Code of Civil Procedure section 1286.2 for vacating an arbitrator's award.

---

[7]Code of Civil Procedure section 1286.2 provides that an arbitrator's award may be vacated upon a determination "that: [¶] (a) The award was procured by corruption, fraud or other undue means; [¶] (b) There was corruption in any of the arbitrators; [¶] (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or [¶] (e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators

After delineating the special grounds for vacating an arbitration award provided by Code of Civil Procedure section 1286.2, one court concluded with this statement of what courts may *not* do: "Otherwise courts may not interfere with arbitration awards. Courts may not examine the merits of the controversy, the sufficiency of the evidence supporting the award, or the reasoning supporting the decision. [Citation.] A court may not set aside an arbitration award *even if the arbitrator made an error in law or fact.* [Citations.]" (*Santa Clara-San Benito etc. Elec. Contractors' Assn.* v. *Local Union No. 332* (1974) 40 Cal.App.3d 431, 437 [114 Cal.Rptr. 909].) (Italics added.)

The decisional law has consistently explained the limited judicial review of an arbitrator's award. "Although the court may vacate an award if it determines that '[t]he arbitrators exceeded their powers . . .' it may not substitute its judgment for that of the arbitrators. [¶] Arbitrators can apply both legal and equitable principles in deciding the ultimate issue submitted to them." (*Morris* v. *Zuckerman* (1968) 69 Cal.2d 686, 691 [72 Cal.Rptr. 880, 446 P.2d 1000].) And, in the same vein, it has been said: "Grounds for vacation of an arbitration are strictly limited by statute (Code Civ. Proc., § 1286.2). Moreover, 'erroneous reasoning will not invalidate an otherwise proper award.' Every intendment of validity must be given the award and doubts must be resolved in its favor." (*American & Nat. etc. Baseball Clubs* v. *Major League Baseball Players Assn.* (1976) 59 Cal.App.3d 493, 498 [130 Cal.Rptr. 626].)

Although it has been suggested that an award of an arbitrator may be set aside for an "eggregious error of law," the suggestion has been rejected as "contrary to the weight of precedent" (*State Farm Mut. Auto. Ins. Co.* v. *Guleserian* (1972) 28 Cal.App.3d 397, 402 [104 Cal.Rptr. 683]), in light of the accepted principle that "[i]n California the applicable rule is that an arbitrator may make a binding award which a court is required to enforce, even though the award conflicts with substantive law, . . ." (*Pacific Automobile Ins. Co.* v. *Lang* (1968) 265 Cal.App.2d 837, 841 [71 Cal.Rptr. 637].)

In the case at bench, the parties in their written stipulation agreed in advance to a judgment that would confirm the arbitrator's award. This is different from the usual procedure set forth in Code of Civil Procedure section 1285 which authorizes a party to an arbitration to petition the

---

to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

court to confirm or vacate the award, and Code of Civil Procedure section 1287.4, which provides that "[i]f an award is confirmed, judgment shall be entered in conformity therewith." However, we see no defect in the advance stipulation for judgment to be entered in conformity with whatever award the arbitrator makes. Such a stipulation does not change the basic agreement to have the controversy governed by the arbitration provisions of the Code of Civil Procedure rather than the regular trial provisions.

We conclude, therefore, that, on this appeal from a judgment confirming an arbitration award, we are unable to comply with the desires of the parties and make an independent interpretation of Penal Code section 636. We express no opinion, therefore, on the question of whether the arbitrator was correct in concluding that Penal Code section 636 applies solely to the nonconsensual electronic recording of jailhouse *privileged* conversations between a suspect and his lawyer. As we have pointed out, even if an arbitrator's award has resulted from a clear case of an *error of law,* made by the arbitrator, such an error cannot be reached on appeal from a judgment confirming the award.

In the parties' stipulation, it was provided that "[a]ny Judgment so entered is a final and appealable judgment." Perhaps the parties believed that this stipulation would permit of an appellate review of the judgment consistent with the review of a judgment rendered by a court following a regular judicial trial. But we know of no rule of law that would sanction such a hybrid result—a trial by arbitration but an appeal from a judgment confirming an award not subject to the usual limitations on review of an arbitrator's award.

The judgment is affirmed.

Files, P. J., and Alarcon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 20, 1979.