[Civ. No. 59308. Second Dist., Div. Five. Nov. 10, 1980.]

EUGENE DICKINSON, Plaintiff and Appellant, v.
KAISER FOUNDATION HOSPITALS,
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP,
Defendant and Respondent.

COUNSEL

Friedman, Collard, Poswall & Thompson and Morton L. Friedman for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges, Andrew J. Nocas and Arthur P. Morello, Jr., for Defendant and Respondent.

OPINION

ASHBY, J.—Appellant Eugene Dickinson's medical malpractice action against respondent Kaiser Foundation Hospitals was subject to arbitration pursuant to the agreement of the parties. The matter was arbitrated before a panel consisting of a neutral arbitrator and two ar-

bitrators chosen by the parties. The arbitrators determined that respondent, its agents and employees had been negligent, and awarded appellant damages of $655,200. The arbitration award provided: "Each party shall bear his or its own costs, fees and expenses." Appellant petitioned the superior court to partially confirm and "to correct" the award on the ground the arbitrators exceeded their powers by not awarding costs to appellant. The trial court entered judgment confirming the award, concluding appellant was not entitled to costs on the arbitration.

Appellant contends that as the prevailing party in the arbitration he was entitled to an award of his costs, claimed to be cover $9,000. This contention is wholly without merit. Code of Civil Procedure section 1284.2 provides: "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit." (See 3 Cal. Law Revision Com. Rep. (1961) p. G-52.)

Appellant misplaces reliance upon Code of Civil Procedure section 1032, which relates to costs "[i]n the superior court." In arbitration matters, the Legislature has carefully distinguished between costs incurred in the arbitration and costs incurred in superior court to enforce an arbitration award. (Cf. Code Civ. Proc., § 1284.2 with Code Civ. Proc., § 1293.2; see *McRae* v. *Superior Court* (1963) 221 Cal.App.2d 166, 171-172 [34 Cal.Rptr. 346, 98 A.L.R.2d 1239]; *Tipton* v. *Systron Donner Corp.*(1979) 99 Cal.App.3d 501, 507 [160 Cal.Rptr 303]; see also *Cecil* v. *Bank of America* (1951) 142 Cal.App.2d 249, 250-251 [298 P.2d 24].)

Appellant also misplaces reliance upon *San Diego Tavern etc. Assn.* v. *Local Joint Executive Board* (1959) 174 Cal.App.2d 246, 249 [344 P.2d 350]. That case was decided prior to the 1961 enactment of section 1284.2 dealing specifically with this problem. (*McRae* v. *Superior Court, supra*, 221 Cal.App.2d at p. 171; Feldman, *Arbitration Modernized—The New California Arbitration Act* (1961) 34 So.Cal.L.Rev. 413, 438-439.)

Finally, appellant contends section 1284.2 unconstitutionally denies equal protection to persons who arbitrate medical malpractice

claims compared with persons who take such claims to jury trial. There is no denial of equal protection since the parties provided for arbitration by their own agreement, in order to gain the benefits of the simplified arbitration process and avoid the disadvantages of court litigation. (*Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 711-713 [131 Cal.Rptr. 882, 552 P.2d 1178].) The parties could reach their own agreement as to how the costs of arbitration should be awarded. (Code Civ. Proc., § 1284.2, *Tipton* v. *Systron Donner Corp., supra*, 99 Cal.App.3d at p. 507.) The Constitution does not require that costs be awarded in the same manner as in judicial proceedings. (See *Madden* v. *Kaiser Foundation Hospitals, supra*, 17 Cal.3d at p. 713.)

The judgment is affirmed.

Stephens, Acting P. J. and Hastings, J., concurred.