[Civ. No. 62990. Second Dist., Div. Two. Feb. 16, 1982.]

ARNOLD KAUFFMAN, Plaintiff and Appellant, v.
SHEARSON HAYDEN STONE, INC., et al., Defendants and
Respondents.

COUNSEL

Michael S. Fields for Plaintiff and Appellant.

Keesal, Young & Logan and Stephen Young for Defendants and Respondents.

OPINION

**BEACH, J.**—Appeal from an arbitration order awarding the prevailing party as "costs" $550, representing one half of the arbitrator's fee paid by each side. We affirm.

Appellant and respondents were plaintiff and defendant respectively in an action pending in superior court. Rather than wait and try the case to a jury over many days, they agreed to have the matter tried by a retired judge. To that end they entered into an agreement entitled "Stipulations Re Arbitration Hearings, Arbitration Awards and Transfer of Action." The stipulation was filed in the superior court and provided, among other things, the following: "The parties ... agree that the following will be applicable and controlling in the above entitled case:

"1. All rules, laws and statutes applicable to the conducting of a trial of a civil action in the Superior Court of the State of California shall be applicable to conducting any and all arbitration hearings in the above-

entitled action. It is intended that said rules, laws and statutes include, but are not limited to the *California Evidence Code*, the *California Code of Civil Procedure*, the *California Rules of Court* and the *Los Angeles Superior Court Trial Manual*; . . .

"4. Any and all arbitrator's awards shall have the effect of a judgment entered after the trial of a civil action in the Superior Court of the State of California; . . .

"6. Review of the conduct at, or proceedings of, any and all arbitration hearings and/or of any and all awards made after such a hearing shall be governed and controlled by the rules, laws and statutes applicable to the review of a trial of a civil action in the Superior Court of the State of California and/or of a judgment entered after such a trial."

It is immediately apparent that the agreement creates a somewhat hybrid situation. Without specific agreement that the proceeding agreed to is in all respects a true arbitration governed by the rules on arbitration (Code Civ. Proc., §§ 1280-1294.2), the language thereof refers to the agreed proceedings as "arbitration" and to the judge as "arbitrator."

■ Thus under appellant's view, the matter was one involving a true arbitration. There is in such case no direct statutory authority for permitting the prevailing party to recover one half of the arbitrator's fee as recoverable costs. In such case the matter would be governed by Code of Civil Procedure section 1284.2 which reads: "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit." Under this statute, even in a case of a true arbitration agreement, the parties thereto may otherwise agree.

Although somewhat ambiguous, the agreement here, whatever it is, "otherwise provides" and the "parties otherwise agree[d]." The parties agreed in paragraph one that all rules of procedure in civil cases apply to the "arbitration," and agreed in paragraph six that review of any and all awards made after such hearing should be governed by the laws, rules and statutes applicable to review of superior court awards and/or judgments.

Thus, under such rules as applicable to regular ordinary civil actions in the superior court, the award of costs reasonably incurred by defendant would be proper. We recognize that the attack by appellant is on the grant, not specifically on the procedure employed to grant the cost. But in a broad sense the grant of such costs is by the use of the rules, statutes and procedures applicable to civil cases in superior court.

Appellant relies upon *Dickinson* v. *Kaiser Foundation Hospitals* (1980) 112 Cal.App.3d 952, 954 [169 Cal.Rptr. 493]. The reliance is misplaced. There the court was dealing with what apparently was a true agreement to arbitrate which fell entirely within the provisions of statutory arbitration. There was no question there of an ambiguous or other form of contract which contained an agreement to incorporate rules applicable to the trial of cases in superior court or any other such ambiguous problem.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.