[No. B007109. Second Dist., Div. Three. Aug. 26, 1985.]

PERRY WOODARD et al., Plaintiffs and Appellants, v.
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP et al.,
Defendants and Respondents.

**COUNSEL**

Martin C. Handweiler for Plaintiffs and Appellants.

Thelen, Marrin, Johnson & Bridges, Curtis A. Cole and Mary R. Barnett for Defendants and Respondents.

---

OPINION

KLEIN, P. J.—Plaintiffs and appellants Perry Woodard and Lenda Woodard (the Woodards) appeal the judgment confirming an arbitration award following arbitration with defendants and respondents, Southern California Permanente Medical Group and Peter B. Fischer, M.D. (SCPMG).

The superior court properly refused to correct the arbitration award to add costs of suit allowed by Code of Civil Procedure section 998 and interest pursuant to Civil Code section 3291 when the court confirmed the award. Those sections do not apply to arbitration, and assuming they did, mere arbitrator error in interpreting them does not constitute an act in excess of authority so as to enable the superior court to entertain a petition to correct the award without disturbing its merits. The superior court judgment is therefore affirmed.

### PROCEDURAL AND FACTUAL BACKGROUND

In February 1981, the Woodards filed an action for wrongful death and negligent infliction of emotional distress against SCPMG. As the Woodards were members of a Kaiser health plan group, the matter was ordered by the superior court in August 1981, to be arbitrated pursuant to a Kaiser Foundation Health Plan Group Medical and Hospital Service Agreement (Agreement). In March 1983, the Woodards made a statutory offer to SCPMG to compromise, pursuant to Code of Civil Procedure section 998.[1]

On June 30 and July 1, 1983, the matter was arbitrated, and the Woodards were awarded $130,000, an amount in excess of the Woodards' offer of $125,000 to compromise, together with $2,300 for funeral and burial costs on the wrongful death cause of action.

---

[1]Code of Civil Procedure section 998 reads in pertinent part: "(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented . . . . [¶] . . . . [¶] (d) If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, . . ., actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff's costs."

Except as indicated, all references hereinafter to code sections refer to the Code of Civil Procedure.

Each party was to bear one-half of the neutral arbitrator's fees and otherwise bear their respective costs. SCPMG tendered and the Woodards accepted $132,300 in satisfaction of the arbitration.

In January 1984, the Woodards filed a petition in the superior court to correct the arbitration award by adding costs of suit and interest and thereafter to confirm it. Judgment confirming the award without the requested correction was filed in March 1984, and this appeal followed.

## CONTENTIONS

While the Woodards are not seeking to vacate the award, they claim they are entitled to have the award corrected by the addition of costs of suit and interest.

They also contend the Agreement itself is unenforceable as an adhesion contract, and that it is ambiguous in dealing with costs and should be construed against SCPMG.[2]

## DISCUSSION

This appeal has a few unusual twists, even though SCPMG maintains the issues are simple and straightforward because the arbitrators specifically decided the issue of an award of costs pursuant to section 998 and Civil Code section 3291 interest against the Woodards and therefore the superior court had no authority to redetermine that point.

The Woodards, however, put forth a rather esoteric argument, including the view that section 998 and Civil Code section 3291 clearly apply to arbitration proceedings and because they do, the arbitrators' failure to allow costs of suit and interest pursuant thereto amounted to an act in excess of their power.[3] They argue they are not seeking to vacate the award, and

---

[2]SCPMG controverts these contentions. Further, it avers that the Woodards may not seek to avoid that part of the award which does not satisfy them when they have accepted the award and its benefits. In view of our holding, we do not reach this contravention.

[3]Civil Code section 3291 reads in pertinent part: "In any action brought to recover damages for personal injury . . ., it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section. [¶] If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

the superior court had the authority to correct the award pursuant to section 1286.6, subd. (b).

This appeal could be resolved with dispatch if we do not reach the applicability of section 998 and Civil Code section 3291 to arbitration. However, we are intrigued by the Woodards' discussion and find the area of law somewhat unsettled. Hence, we shall try to shed some light on the subject.

### 1. *Scope of Appellate Review*

■ In this process, we are not unmindful of certain general appellate propositions and recognize that the policy of the law is to favor arbitration, and every reasonable intendment is indulged to give effect to such proceedings. (6 Cal.Jur.3d, Arbitration and Award, § 1, pp. 7-8; *Santa Clara–San Benito etc. Elec. Contractors' Assn.* v. *Local Union No. 332* (1974) 40 Cal.App.3d 431, 437 [114 Cal.Rptr. 909].)

Further, only a limited form of judicial review of arbitration awards is provided by statute. (§§ 1285-1288; *Lehto* v. *Underground Constr. Co.* (1977) 69 Cal.App.3d 933, 939 [138 Cal.Rptr. 419].) Every presumption favors the award, and therefore the merits of the award, either on questions of law or fact, are generally not subject to review. (*Lehto* v. *Underground Constr. Co., supra,* at p. 939; citing Recommendation and Study Relating to Arbitration (Dec. 1960) 3 Cal. Law Revision Com. Rep. (1961) pp. G25-27, G53-54; *Rodrigues* v. *Keller* (1980) 113 Cal.App.3d 838 [170 Cal.Rptr. 349].)

In ruling on a petition to correct and confirm an arbitration award as is the case here, the superior court must not consider the merits of the award (see, e.g., *Lindholm* v. *Galvin* (1979) 95 Cal.App.3d 443, 450 [157 Cal.Rptr. 167]), and the award may not be corrected unless a ministerial error occurred or the superior court determines pursuant to 1286.6, subd. (b) that "[t]he arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision . . . ."

### 2. *Arbitrators' ruling that section 998 and Civil Code section 3291 did not apply to arbitration proceedings not an act in excess of their authority.*

The Woodards attempted to utilize section 1286.6, subd. (b) to allow the superior court to correct the award. However, as indicated, the superior court may not make a correction even where the merits of the award are not affected *unless* it finds the arbitrators "exceeded their powers." (§ 1286.6, subd. (b).)

The problem with the Woodards' argument that the arbitrators exceeded their authority in their disputed ruling is that it is based on the erroneous premise that arbitrators are required to follow California law. Based on that false proposition, they claim a decision which is in "direct contravention to statutory authority applicable to arbitration proceedings would be an excess of their powers."

■ Assuming arguendo the Woodards' position that the disputed sections apply to arbitration, arbitrators are *not* required to follow the law; hence, the general rule that the merits of the award on questions of law are *not* reviewable. (*Lehto* v. *Underground Constr. Co., supra,* 69 Cal.App.3d 933, 939.) Further, an erroneous ruling of law does not equate with excess of power. (*Lindholm* v. *Galvin, supra,* 95 Cal.App.3d at pp. 450-451.)

It has been held that not even an " 'eggregious error of law' " is sufficient to *set aside* an award. (*State Farm Mut. Auto Ins. Co.* v. *Guleserian* (1972) 28 Cal.App.3d 397, 402 [104 Cal.Rptr. 683].) ■ It is now the accepted principle that " '[i]n California the applicable rule is that an arbitrator may make a binding award which a court is required to enforce, even though the award conflicts with substantive law, . . .' " (*Lindholm* v. *Galvin, supra,* 95 Cal.App.3d at p. 451.)

Nor would the Woodards' contention fare any better under a lesser standard for their purposes set out in *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675 [77 Cal.Rptr. 100]. That case involved lengthy arbitration of a contract dispute. In rejecting appellant's contention that an erroneous construction of a contract, rather than statutory misinterpretation as the Woodards here allege, was an act exceeding the powers of the arbitrators, the *Lesser* court stated: " '[A]rbitrators may be said to have [exceeded their powers] only if they gave a *completely irrational construction* to the provisions in dispute. . . .' " (*Id.,* at p. 701, italics added.)

Here, the arbitrators' ruling did not fall into the *Lindholm* category or within the *Lesser* case, and albeit an irrelevant observation for the sake of this argument, was in fact, a legally correct one.

Therefore, the superior court could not redetermine the arbitrators' ruling on the petition to correct and confirm the award. Likewise, even if we were to find that the disputed sections apply to arbitration, this court would be bound to uphold the superior court. (*Lindholm* v. *Galvin, supra,* 95 Cal.App.3d at pp. 450-451.)

### 3. *Costs allowable on arbitration.*

This case presents a vehicle to discuss the applicability of section 998 and Civil Code section 3291 to arbitration. The issue was raised by the Woodards before the arbitrators and they ruled 2 to 1 against the Woodards' position. Both sides briefed and argued the question before this court. ∎ Generally, reviewing courts do not decide matters unnecessary to the decision. But when the issue is one of public importance or will lead to future controversies, it may be deemed desirable to decide the case on several alternative grounds. (6 Witkin, Cal. Procedure (2d 1971) Appeals, § 225, p. 4214; see e.g. *People* v. *Gould* (1976) 56 Cal.App.3d 909, 921 [128 Cal.Rptr. 743]; *City & Co. of S. F.* v. *County of San Mateo* (1950) 36 Cal.2d 196, 198 [222 P.2d 860].)

### a. *Historical overview.*

In 1961, comprehensive arbitration legislation was enacted dealing with the conduct of arbitration proceedings (§ 1282 et seq.), and the enforcement of awards (§§ 1285-1288). Section 1284.2 deals specifically with arbitration expenses.[4]

Prior to this legislation, section 1032 alone was available for guidance in the allowance of costs in arbitration. Section 1032, which has been on the books in its present form since 1957, provides: *"In the superior court, . . .* costs are allowed of course" to a plaintiff or a defendant upon a favorable judgment "in special proceedings." (Italics added.)

A pre-1961 case that relied on section 1032 to resolve a costs issue in contractual arbitration is *San Diego Tavern etc. Assn.* v. *Local Joint Executive Board* (1959) 174 Cal.App.2d 246, 249 [344 P.2d 350]. The arbitration therein occurred in 1958, and the award was confirmed by judgment of the court, which judgment assessed costs in favor of the prevailing party. In January 1959, the court reversed its ruling "nunc pro tunc" to an order that each party bear one half of the total costs. (*Id.*, at pp. 247-248.)

Ruling without the benefit of the section 1284.2 directive, the *Tavern* court on appeal interpreted a compulsory arbitration proceeding to be a

---

[4]Section 1284.2 reads: "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, *each party to the arbitration shall pay his pro rata share of expenses and fees of the neutral arbitrator, together with other expenses of the arbitration* incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit." (Italics added; see 3 Cal. Law Revision Com. Rep., *supra,* pp. G-6 to G-52.)

"special proceeding" for purposes of awarding costs. The *Tavern* court cited section 1032 and allowed costs to the defendant upon a judgment in his favor in "special proceedings." (*Id.,* at p. 249.)

Looking at the legislative history of these sections in terms of respective dates of enactment, presumably, when the Legislature enacted section 1284.2, it had in mind section 1032. Likewise, when section 998 was later drafted, it was done so with awareness of section 1284.2. This same assumption applies to the most recent Civil Code section 3291 enacted in 1982. (Cf. 2A Sutherland, Statutory Construction (4th ed. 1984) § 51.02, p. 453.)

Although it may beg the question to conclude all the above statutes relate to the same subject, the Woodards urge that at least three of them do in support of their claimed entitlement to costs of suit. In resisting the Woodards' contention, SCPMG attempts to differentiate their purposes.

■ The rules of statutory construction require that a reasonable construction be allowed all the statutes so that effect is given to every provision in all of them, and that they be construed in harmony, if possible. (*Ibid.*) However, "[i]f there is an irreconcilable conflict between the new provision and the prior statutes, the new provision will control as it is the later expression of the legislature." (*Id.,* at pp. 453-454.)

Specifically, section 998 calls for withholding or augmenting costs allowed under section 1032 in an offer rejection situation. It uses the words "judge," "court," and refers to costs for services of expert witnesses for "trial." Section 1032 pointedly provides for costs in "superior court." Likewise, Civil Code section 3291 refers to "trial."

Section 1284.2 excludes the costs of suit available to the prevailing party in the superior court pursuant to section 1032, by expressly excluding counsel and witness fees and other expenses incurred by a party for his/her own benefit; it allows for shared costs of arbitration expenses only. However, the parties to arbitration are permitted to agree to a treatment of costs contrary to its provision, thereby avoiding its effect.[5] (Section 1284.2; *Kauffman* v. *Shearson Hayden Stone, Inc.* (1982) 128 Cal.App.3d 809, 811-812 [180 Cal.Rptr. 566].)

---

[5]Here, the Agreement likewise excluded these costs by providing: " 'Expenses of arbitration' does not include counsel or witness fees or other expenses by a party for his or her own benefit."

The 1980 case of *Dickinson* v. *Kaiser Foundation Hospitals* (1980) 112 Cal.App.3d 952 [169 Cal.Rptr. 493], is helpful in interpretation as far as it goes. There, the appellant had prevailed in a contractual medical malpractice arbitration and petitioned the superior court to correct and confirm the award, requesting some $9,000 costs generated by the arbitration be added to the award. Appellants' theory was that the arbitrators had exceeded their powers in not awarding the costs because as the prevailing party, he was entitled to his costs, citing to section 1032. (*Id.*, at p. 954.)

In upholding the trial court's refusal to comply with appellants' request, the *Dickinson* court, acknowledging section 1284.2 stated, "[a]ppellant misplaces reliance upon Code of Civil Procedure section 1032 which relates to costs '[i]n the superior court.' In arbitration matters, the Legislature has carefully distinguished between costs incurred in arbitration and costs incurred in superior court . . . . (Cf. Code Civ. Proc., § 1284.2 with Code Civ. Proc., § 1293.2; see *McRae* v. *Superior Court* (1963) 221 Cal.App.2d 166, 171-172 [34 Cal.Rptr. 346, 98 A.L.R.2d 1239]; *Tipton* v. *Systron Donner Corp.* (1979) 99 Cal.App.3d 501, 507 [160 Cal.Rptr. 303]; see also *Cecil* v. *Bank of America* (1951) 142 Cal.App.2d 249, 250-251 [298 P.2d 24].)" (*Dickinson* v. *Kaiser Foundation Hospitals, supra,* 112 Cal.App.3d at p. 954.)

The *Dickinson* court noted that the *Tavern* case was decided before the 1961 enactment of 1284.2 dealing specifically with arbitration costs. (*Dickinson* v. *Kaiser Foundation Hospitals, supra,* at p. 954.)

b. *The disputed sections are inapplicable to arbitration.*

■■■ The Woodards' *policy* arguments for applying section 998 and Civil Code section 3291 to arbitration are persuasive.[6] ■■■ California has a strong public policy favoring the disposition of civil actions without the necessity of a *hearing on the merits.* (*Milicevich* v. *Sacramento Medical Center* (1984) 155 Cal.App.3d 997, 1006 [202 Cal.Rptr. 484].)

This case began with the filing of an action in the superior court and was then forced into contractual arbitration pursuant to the Agreement, not unlike many other such cases. However, even with the arbitration procedure designed to be speedy (*Baar* v. *Tigerman* (1983) 140 Cal.App.3d 979, 985 [211 Cal.Rptr. 426]) and simplified (*Dickinson* v. *Kaiser Foundation Hos-*

---

[6]However, a threshold question arises regarding Civil Code section 3291 because even assuming it applies to arbitration, the section refers only to personal injury actions and this case involves a wrongful death action. Therefore, the issue is presented whether the section could apply in any event.

*pitals, supra,* 112 Cal.App.3d at p. 955), there still remains the necessity of a hearing on the merits of the controversy, which can be time consuming and costly to litigants.

As the court pointed out in *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co., supra,* 271 Cal.App.2d at page 677, "[t]his case illustrates that unfortunately arbitration is not always a simple, expeditious, or inexpensive method of adjudicating . . . controversies." In a footnote, the court supported that conclusion by indicating what had occurred factually therein, setting forth that "[t]he total elapsed time for the arbitration was 19 months, . . . It took 25,000 pages of reporter's transcript to record . . .; 1,500 exhibits were introduced. Over $400,000 in arbitration expenditures, exclusive of attorneys' fees, were incurred." (*Id.,* at p. 677, fn. 1.)

*Lesser* admittedly involved complicated commercial litigation, but claims based on wrongful death, personal injury, fraud, and a host of other types of litigation likewise are potentially time consuming and costly. The obvious purpose of section 998 and Civil Code section 3291 is to encourage the settlement of lawsuits where a plaintiff makes an offer to compromise.

 Civil Code section 3291 mandates interest on the judgment. Certainly that mandate increases the stakes for a defendant and is a "statutory incentive to settle" litigation. (*Gutierrez* v. *State Ranch Services* (1983) 150 Cal.App.3d 83, 85, fn. 4 [198 Cal.Rptr. 16].) As the Woodards point out, the bottom line of Civil Code section 3291 is to guarantee the plaintiff interest and to penalize the defendant in appropriate situations. Section 998 gives the trial court discretion to award costs of suit in appropriate situations, and likewise is a further statutory incentive to settle.

The mere fact that a case ends up in arbitration, contractually or judicially, does not detract from the strong public policy favoring plaintiffs' offering to settle and defendants' accepting reasonable offers, and thereby avoiding hearings on the merits.

However, taking into consideration the *Dickinson* case and construing the statutes in harmony and giving effect to every provision in each one, we are forced to conclude that section 998 and Civil Code section 3291 do not apply to arbitration. (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co., supra,* 271 Cal.App.2d at p. 677.) Although the Legislature *could have* made section 998 and Civil Code section 3291 applicable to arbitration for the policy reasons noted, it did not. We deem any reconciliation in this regard, by amendment of the arbitration statutory scheme to provide for costs of

suit and interest in compromise rejection situations to prevailing parties in arbitration, to be a legislative matter.

4. *Agreement interpretation as to adhesion or ambiguity not before this court.*

■ The Woodards seek to argue for the first time on appeal that the Agreement is unenforceable as an adhesion contract and also is "illusory by its terms."

"It is the general rule that a party to an action may not, for the first time on appeal, change the theory of the cause of action. [Citations.] There are exceptions but the general rule is especially true when the theory newly presented involves controverted questions of fact or mixed questions of law and fact. If a question of law only is presented on the facts appearing in the record the change in theory may be permitted." (*Panopulos* v. *Maderis* (1956) 47 Cal.2d 337, 340-341 [303 P.2d 738].) Whether a contract is one of adhesion generally would present a mixed question of law and fact. (See, e.g., *Ponder* v. *Blue Cross of Southern California* (1983) 145 Cal.App.3d 709 [193 Cal.Rptr. 632].)

This court declines to undertake the review of the new theories presented on appeal. However, we note parenthetically that the Agreement herein has been determined not to be an adhesion contract. The Supreme Court has held that the precise Group Medical Care contract herein involved was negotiated by entities of equal bargaining power and that both parties benefit from such an arbitration agreement. (*Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 711-712 [131 Cal.Rptr. 882, 552 P.2d 1178].) Were the Woodards *not* covered by such a contract, their argument here would have greater weight.

Moreover, had either of these issues been raised in arbitration and adverse rulings been received by the Woodards, such rulings would not present grounds to vacate the award, not constitute a reviewable abuse of discretion as being in excess of the arbitrators' powers. (§§ 1286.2, 1286.6, subd. (b).)

CONCLUSION

The superior court made a proper ruling in its refusal to correct the award to add costs of suit and interest when it otherwise affirmed the arbitration award because section 998 and Civil Code section 3291 do not apply to

arbitration, and even if they did, an erroneous ruling by the arbitrators interpreting them would not constitute an act in excess of their authority.

## Disposition

The judgment is affirmed.

Danielson, J., and Arabian, J., concurred.