[No. A044464. First Dist., Div. Five. Jan. 22, 1990.]

STACEY JOYCE et al., Plaintiffs and Appellants, v. SHERWIN S. BLACK, Defendant and Respondent.

COUNSEL

James J. Davis III and Edwin J. Zinman for Plaintiffs and Appellants.

David F. Beach and James D. Biernat for Defendant and Respondent.

OPINION

KING, J.— In this case we hold that prejudgment interest is recoverable in personal injury cases in which judgments are entered on judicial arbitration awards if, after failing to accept plaintiff's statutory offer of settlement, defendant did not obtain a more favorable judgment.

Stacey and Michael Joyce sued Sherwin S. Black, D.D.S., for dental malpractice. On October 2, 1986, they made a $24,999 settlement offer under Code of Civil Procedure section 998. Black did not accept the offer. The case went to judicial arbitration. (Code Civ. Proc., § 1141.10 et seq.) On July 28, 1988, the arbitrator awarded damages in the sum of $35,920 plus an unspecified amount of statutory costs. After neither party requested a trial de novo within the time limit prescribed by Code of Civil Procedure section 1141.20, the award was entered as a judgment. (Cal. Rules of Court, rule 1615(c).)

Following entry of judgment, the Joyces filed a cost memorandum. The memorandum included prejudgment interest in the sum of $6,885.86 pursuant to Code of Civil Procedure section 998 and Civil Code section 3291. Civil Code section 3291 provides that if the defendant in a personal injury action fails to accept a settlement offer made pursuant to Code of Civil

Procedure section 998, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest from the date of the offer.

Black filed a motion to strike costs, contending prejudgment interest under sections 998 and 3291 is not recoverable in judicial arbitration proceedings. The court granted the motion and struck the award of prejudgment interest. The Joyces appeal from the order striking costs.

■ Preliminarily, Black contends the order is nonappealable. ■ Ordinarily, a postjudgment order on a motion to strike costs is appealable under Code of Civil Procedure section 904.1, subdivision (b), as an order made after an appealable final judgment. (*Citizens Against Rent Control* v. *City of Berkeley* (1986) 181 Cal.App.3d 213, 223 [226 Cal.Rptr. 265]; *Rappenecker* v. *Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 261 [155 Cal.Rptr. 516].) ■ As Black correctly points out, however, subdivision (b) of section 904.1 does not confer appealability in the present context, because a judgment on a judicial arbitration award is nonappealable (Code Civ. Proc., § 1141.23), and thus the order striking costs is not an order made after an *appealable* final judgment.

This point is inconsequential, however, because within the peculiar context of judicial arbitration this order is properly viewed as a final judgment and hence appealable as such under subdivision (a) of Code of Civil Procedure section 904.1.

The substance and effect of the order, not its label or form, determines whether it is appealable as a final judgment. (See, e.g., *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 698-699 [63 Cal.Rptr. 724, 433 P.2d 732]; *Jones* v. *Los Angeles Community College Dist.* (1988) 198 Cal.App.3d 794, 799 [244 Cal.Rptr. 37].) This order has all the earmarks of a final judgment. It is final in the sense that it leaves nothing for future consideration. (See, e.g., *Agricultural Labor Relations Bd.* v. *Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 703 [238 Cal.Rptr. 780, 739 P.2d 140]; *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 963 [231 Cal.Rptr. 241].) More importantly, it is the *only* judicial ruling in the case, and thus there is no other opportunity for review by appeal. (Cf. *Gurrola* v. *County of Los Angeles* (1984) 153 Cal.App.3d 145, 150 [200 Cal.Rptr. 157] [appeal lies from order denying relief from claim-filing requirements in suits against public entities].)

Indeed, the Joyces could not even have requested a trial de novo on the matter of prejudgment interest, as they might have if prejudgment interest had been denied by the arbitrator rather than the court. Because the arbitrator awarded unspecified costs, the Joyces had to await entry of judgment and then file a cost memorandum under California Rules of Court, rule 870(a)(1). (See Cal. Rules of Court, rule 1615(c) [judgment on judicial

arbitration award is subject to provisions of law relating to civil judgments].)

Had the arbitrator denied prejudgment interest, the Joyces would have been able to bring the issue before the superior court and, ultimately, the Court of Appeal, by requesting a trial de novo. It makes no sense to withhold the right of review by appeal merely because the arbitrator, as is commonly done, deferred the specification of costs to a ruling by the superior court in the first instance. The Legislature cannot have intended such an incongruity.

Accordingly, we conclude that the present order striking costs is appealable as the final judgment in the action.

■ The Joyces challenge the denial of prejudgment interest, which they contend was made recoverable by Civil Code section 3291 and Code of Civil Procedure section 998. Central to our analysis of this issue is *Woodard v. Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656, 664-666 [217 Cal.Rptr. 514], which held that sections 998 and 3291 do not apply to contractual arbitration because section 998 refers to the "judge," "court" and "trial" and section 3291 refers to "trial," none of which play a part in contractual arbitration. *Woodard* was a *contractual* arbitration case, but its broad-sweeping language makes it susceptible to interpretation as applying to *judicial* arbitration as well. While acknowledging the strong public policy favoring settlement even where the case "ends up in arbitration, contractually or judicially," the court said "we are forced to conclude that section 998 and Civil Code section 3291 do not apply to arbitration." (*Id.* at p. 666.)

To whatever extent *Woodard*'s broad-sweeping language might be interpreted as applying to judicial arbitration, the court's reasoning is inapposite in that context. ■ Unlike contractual arbitration, judicial arbitration takes place within the judicial arena and is necessarily followed by court action, consisting of either a trial de novo (Code Civ. Proc., § 1141.20) or entry of judgment on the award (Code Civ. Proc., § 1141.23). Thus the statutory prejudgment interest provisions setting the date of "trial" as an outside limit on acceptance of the settlement offer (Code Civ. Proc., § 998; Civ. Code, § 3291), providing for recovery of prejudgment interest if the plaintiff obtains "a more favorable judgment" (Civ. Code, § 3291), and otherwise referring to "trial" or the "judge" (Code Civ. Proc., § 998) are all, unlike contractual arbitration, logically applicable to judicial arbitration procedures.

Moreover, as *Woodard* itself acknowledged, there is a "strong public policy favoring plaintiffs' offering to settle and defendants' accepting reasonable offers, and thereby avoiding hearings on the merits." (171 Cal.App.3d at p. 666.) ■ "The manifest purpose of [Civil Code] section 3291 is to encourage settlement." (*Morin* v. *ABA Recovery Service, Inc.* (1987) 195 Cal.App.3d 200, 206 [240 Cal.Rptr. 509].) This legislative purpose must guide our construction of sections 998 and 3291. Indeed, judicial arbitration itself is a simplified means of providing an impartial evaluation by an experienced lawyer acting as arbitrator, with the goal of assisting the parties to reach an early resolution without a full scale trial and the expensive and time-consuming preparation required for a trial.

The reasoning in *Woodard* is sound within the context of that case and supports that court's holding as to *contractual* arbitration. But we reject any interpretation of *Woodard*'s broad-sweeping language as applying to *judicial* arbitration. ■ Because application of Code of Civil Procedure section 998 and Civil Code section 3291 to judicial arbitration is consistent with the language of those statutes and the strong public policy in favor of encouraging early settlement, we hold that prejudgment interest is recoverable under Code of Civil Procedure section 998 and Civil Code section 3291 in judicial arbitration proceedings. We recognize that this rule may result in occasional postarbitration requests for trial de novo where the amount of prejudgment interest would be significant, but this will be rare, and any such drawback is counterbalanced by the fact that in a much larger number of cases the threat of significant prejudgment interest will encourage early settlement before the case would even go to arbitration.

One point remains to be addressed. Black contends that because the Legislature has amended Code of Civil Procedure section 998 twice since the *Woodard* decision without altering the provisions construed by *Woodard,* the statute must be construed consistently with *Woodard.* ■ "It is a well-established principle of statutory construction that when the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction. Accordingly, reenacted portions of the statute are given the same construction they received before the amendment." (*Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 734 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161].) But *Woodard* construed section 998 only with regard to contractual arbitration, and does not even contain dicta that purports to construe the statute with regard to judicial arbitration. The opinion is merely1susceptible to interpretation of its broad-sweeping language as applying to judicial arbitration. *Woodard* did not "judicially construe" section 998's applicability to judicial arbitration within the meaning of this principle of statutory interpretation.

The order striking costs is reversed. The superior court is directed to award prejudgment interest under Civil Code section 3291 and Code of Civil Procedure section 998. The Joyces shall recover their costs on appeal.

Low, P. J., and Haning, J., concurred.