[No. A050978. First Dist., Div. Five. Apr. 26, 1991.]

LINDA K. DICKENS et al., Plaintiffs and Appellants, v.
MING LEE et al., Defendants and Respondents.

**COUNSEL**

Wayne Marcus Scriven for Plaintiffs and Appellants.

Andrew J. Wiegel and Clifford E. Fried for Defendants and Respondents.

**OPINION**

**KING, J.**—In this case we hold that where a judicial arbitrator awarded a specific amount of attorney fees but unspecified costs, a judgment on the award was appealable as to the costs but not as to the attorney fees, which could be challenged only by request for trial de novo.

Linda K. Dickens and Stanley A. Davis sued their landlords, Ming and Melanie Lee, alleging 15 causes of action. The case went to mandatory

judicial arbitration, which focused on two of the causes of action, breach of the warranty of habitability and wrongful eviction.

The arbitrator found a breach of the warranty of habitability but no wrongful eviction, and awarded compensatory damages of $2,500. The arbitrator also ruled that Dickens and Davis would "recover costs including attorneys' fees in the amount of $1,000.00. Any greater fee award in this case would be unreasonable given that Defendants have prevailed on a substantial portion of the claims litigated." The arbitrator's award stated that statutory costs were awarded to Dickens and Davis, "provided, however, that the attorneys' fees to be recovered as costs be limited to $1,000.00." In contrast to the amount of attorney fees, the award did not specify the amount of costs.

Neither side requested a trial de novo, and the superior court clerk entered judgment on the arbitrator's award. Dickens and Davis filed a costs memorandum seeking $10,000 in attorney fees and $351 in costs. The Lees moved to tax costs, and the court amended the judgment to award total attorney fees and costs of $1,000. Dickens filed a timely notice of appeal from the amended judgment.[1]

■ Dickens and Davis challenge the award of attorney fees, claiming the court erred by basing the award solely on the amount of compensatory damages and by failing to consider the effort required of their counsel. These issues, however, are not properly before us. A judgment on a judicial arbitration award is nonappealable. (Code Civ. Proc., § 1141.23; *Joyce* v. *Black* (1990) 217 Cal.App.3d 318, 321 [266 Cal.Rptr. 8].) The only exception is where the arbitrator's award does not specify the amount of recoverable costs. In such a case there can be no request for a trial de novo as to costs, since the court determines costs in the first instance, and thus the portion of the court's judgment awarding costs must be appealable, because otherwise there would be no opportunity for appellate review. (*Joyce* v. *Black*, *supra*, 217 Cal.App.3d at p. 321.) In contrast, if the arbitrator specifies the amount of recoverable costs, the costs portion of the judgment is nonappealable, since a dissatisfied party can request a trial de novo as to

---

[1]The Lees contend the appeal was untimely because it was filed more than 60 days after notice of entry of the initial judgment. However, the amended judgment substantially modified the initial judgment as to costs and thus superseded the initial judgment for purposes of appealability (*Neff* v. *Ernst* (1957) 48 Cal.2d 628, 634 [311 P.2d 849]), and the appeal from the amended judgment was timely. Also, the Lees contend the notice of appeal did not adequately specify the amended judgment because the notice was attached to documents other than the amended judgment. However, the notice itself clearly mentioned the amended judgment, and it must be liberally construed in favor of its sufficiency. (Cal. Rules of Court, rule 1(a).)

costs and subsequently obtain review of the costs award on appeal from the court's de novo judgment. (See *id.* at p. 322.)

Here, the arbitrator specified the amount of recoverable attorney fees as limited to $1,000, and thus the judgment is nonappealable as to those fees. Appellate review on this point was only available after a trial de novo, which Dickens and Davis did not request. Consequently, the portion of the appeal challenging the award of attorney fees must be dismissed.

In any event, their substantive arguments on attorney fees are meritless. The record does not indicate, as they claim, that the court based the fee award solely on the amount of compensatory damages or failed to consider the efforts required of counsel. Because the record is silent on these points, we must indulge all presumptions in favor of the judgment and conclude there was no such error. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)[2]

Dickens and Davis also challenge the judgment as to the award of costs. Because the arbitrator did not specify the amount of recoverable costs, the judgment is appealable on this point. (*Joyce* v. *Black*, *supra*, 217 Cal.App.3d at p. 321.)

■ Dickens and Davis contend the court erred in "deleting" the arbitrator's unspecified costs award because an award of costs to the prevailing party was mandatory. (See Civ. Code, § 1942.4, subd. (b) [costs recoverable by tenant if landlord demanded rent when habitability requirements were violated].) But a costs award was *not* mandatory. Because the judgment was one that could have been rendered in municipal court, the award of costs was *discretionary*. (Code Civ. Proc., § 1033, subd. (a).) On appeal we must presume the court exercised its discretion to deny costs. (*Denham* v. *Superior Court*, *supra*, 2 Cal.3d at p. 564.) In light of the fact that Dickens and Davis prevailed on only a small portion of their complaint, we cannot conclude that discretion was abused.

There is evidently no uniform statewide practice for the determination of costs (including attorney fees as an element of costs) upon judicial arbitration. Arbitrators are expressly authorized "to award costs, not to exceed the statutory costs of the suit." (Cal. Rules of Court, rule 1614(a)(8).) In some courts, the arbitrator will merely decide *whether* costs are to be awarded, after which counsel will file a costs bill seeking a specific amount, and any

---

[2]The court properly denied Dickens's and Davis's request for a statement of decision. The request was untimely, and no statement of decision is required for an order on a motion for attorney fees. (*Maria P.* v. *Riles* (1987) 43 Cal.3d 1281, 1294 [240 Cal.Rptr. 872, 743 P.2d 932].)

disputes as to costs will be decided by the court. In other courts, however, the arbitrator will make a *specific award* of costs. "The idea is to have the arbitrator decide all issues so there need not be a second hearing, by the court, to resolve any questions of costs." (Toker, Cal. Arbitration Practice Guide 2d (1991 rev.) § 6.11, p. 156.) We urge all courts to follow the latter procedure rather than the former. If the purpose of judicial arbitration is to avoid traditional litigation, then that avoidance should be as complete as possible, with the arbitrator deciding *all* disputed issues including the amount of costs to be awarded, which will then be subject to judicial determination only upon a request for trial de novo.[3]

The judgment is affirmed as to the denial of costs, and the appeal is dismissed in all other respects.

Low, P. J., and Haning, J., concurred.

---

[3]The Lees summarily request an award of their appellate attorney fees. We deny this request for want of any showing of a statutory basis for such an award.