[No. H009011. Sixth Dist. Aug. 10, 1992.]

PATRICIO GUEVARA, Plaintiff and Respondent, v.
WARREN BRAND, Defendant and Appellant.

## COUNSEL

Skemp, Dozier & Moser and Robert H. Skemp for Defendant and Appellant.

John H. McSpadden for Plaintiff and Respondent.

## OPINION

**CAPACCIOLI, Acting P. J.**—This is an appeal from an order denying a motion to strike a memorandum of costs, which was filed after entry of judgment on a judicial arbitration award. Warren Brand, defendant in the underlying action, contends that if costs of arbitration are not awarded by the arbitrator, they are not thereafter recoverable in superior court. We disagree and affirm the order.

### BACKGROUND

In December 1989 plaintiff filed a complaint alleging personal injuries arising from a motor vehicle accident. The case was referred to judicial

arbitration pursuant to California Rules of Court, rule 1600 et seq.[1] The arbitrator found defendant responsible for the accident and awarded plaintiff $39,870.81 for medical expenses, lost wages, and pain and suffering. There was no mention of costs in the award.

On July 8, 1991, shortly after judgment was entered in the matter, plaintiff's attorney filed a memorandum of costs requesting $635.54. Defendant moved to strike the entire memorandum and asked for sanctions pursuant to Code of Civil Procedure section 128.5.[2] According to defendant, the arbitrator was presumed to have included costs in the award, and adding costs to the judgment where they have not been awarded would allow plaintiff to "double dip." The trial court, however, found that defendant's argument was without factual foundation and ruled that as the prevailing party, plaintiff was entitled to costs as a matter of law. This appeal followed.

### DISCUSSION

On appeal, defendant renews the argument that "[w]hen no award of costs is made by the arbitrator, none should be inferred by the Court nor [*sic*] added to the award as a judgment. . . ." No authority is cited for this proposition, however; instead, defendant relies on "common sense" and the asserted injustice of allowing costs after the losing party has relied on the finality and completeness of the award and permitted it to become a final judgment pursuant to section 1141.20 and California Rules of Court, rule 1615(c).

Defendant's contention must be rejected. An arbitration award has the same force and effect as a judgment in a civil action or proceeding, and is subject to all provisions of law relating to a civil judgment. (§ 1141.23; rule 1615(c).) Accordingly, under both rule 1615(a) and section 1032, subdivision (b), plaintiff is entitled as the prevailing party to recover his costs *as a matter of right.* In such circumstances, it is entirely appropriate to file a memorandum of costs pursuant to rule 870 even though the judgment has failed to include them in the award. (Cf. *Miles California Co.* v. *Hawkins* (1959) 175 Cal.App.2d 162, 164-165 [345 P.2d 492]; *Williams* v. *Santa Maria Joint Union High Sch. Dist.* (1967) 252 Cal.App.2d 1010, 1014 [60 Cal.Rptr. 911].)

Rule 870 expressly provides that a cost bill must be served and filed within 15 days *after* notice of entry of judgment is served or mailed. Nothing

---

[1]All further references to rules pertain to the California Rules of Court.

[2]All further statutory references are to the Code of Civil Procedure unless otherwise specified.

in the rules governing judicial arbitration suggests that the procedure for claiming costs is different from ordinary civil judgments merely because this is an alternative method of dispute resolution. There is simply no reason for a party in deciding whether to challenge the award to assume that he or she will not be liable for costs merely because the arbitrator has neglected to mention them.

Defendant complains that it "appears manifestly unjust" to permit such a "modification" of the award after judgment has been entered and it is too late to challenge the arbitrator's decision pursuant to section 1141.20 and rule 1616. We disagree. A cost bill does not affect the arbitator's determination of the merits, which is the basis of the award; accordingly, any challenge to an arbitration award that did not determine costs would be directed solely at the merits. That award would be final after 30 days regardless of whether the entitlement to or amount of costs is litigated thereafter.

Permitting the cost bill to be filed after entry of judgment in no way compromises the losing party's opportunity to challenge either the merits of the award or the subsequent award of costs: as to the merits, he can request a trial de novo within 30 days; he can challenge costs (as was done here) by a motion to strike or tax costs. Furthermore, filing a cost bill provides a mechanism for the parties to resolve disputes over the *amount* of costs when the arbitrator has determined only the entitlement to them; the superior court's ruling on a motion to strike or tax costs in such a case would be appealable. (*Joyce* v. *Black* (1990) 217 Cal.App.3d 318, 322 [266 Cal.Rptr. 8]; *Dickens* v. *Lee* (1991) 230 Cal.App.3d 985, 988 [281 Cal.Rptr. 783].)

Unquestionably, it is preferable for the issue of costs to be resolved by the arbitrator when he or she renders the decision on the merits. "If the purpose of judicial arbitration is to avoid traditional litigation, then that avoidance should be as complete as possible, with the arbitrator deciding *all* disputed issues including the amount of costs to be awarded, which will then be subject to judicial determination only upon a request for trial de novo." (*Dickens* v. *Lee, supra*, 230 Cal.App.3d at p. 989.) Nevertheless, absent any statutory or judicial authority requiring the determination of costs to be made at the time of the arbitration award, a prevailing party is not precluded from claiming those costs by the procedure employed in similar circumstances after a civil judgment. We therefore decline defendant's oblique request that a prevailing party be punished for the oversight of the arbitrator.

Defendant's further assertion that the arbitration award must be presumed to have included costs is as unconvincing to this court as it was to the court below. The arbitrator's statement of decision precisely identifies

the specific constituent amounts of the award as medical expenses, lost wages, and reasonable compensation for pain and suffering. The motion was properly denied.

## DISPOSITION

The order is affirmed. Costs are awarded to plaintiff.

Premo, J., and Elia, J., concurred.