[No. H032012. Sixth Dist. Nov. 26, 2008.]

THOMAS WADE, Plaintiff and Appellant, v.
DONALD SCHRADER et al., Defendants and Respondents.

Counsel

Howard & Associates and Jeffrey M. Howard for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Michael K. Johnson and Bruce L. Shaffer for Defendants and Respondents.

Opinion

**PREMO, J.**—Plaintiff Thomas Wade sued defendants Donald and Jean Schrader (Schraders) and others, claiming that defendants had wrongfully deprived Wade of his stock in Enterprise Broadcasting Corporation (EBC). Wade settled his claims against several defendants and those settlements were judicially determined to have been in good faith. (Code Civ. Proc., §§ 877, 877.6.)[1] Wade's claims against the Schraders were resolved through binding arbitration. Although the arbitrator ruled in Wade's favor, the amount of the award was less than the total Wade had received from the settling codefendants.

After the arbitrator's award was reduced to judgment, the Schraders moved in the superior court for an order compelling satisfaction of the judgment. The Schraders maintained that the proceeds from Wade's prearbitration settlements completely offset the judgment against them. The superior court granted the motion, in part. Wade appeals. Wade argues that the order impermissibly modifies the arbitration award. We conclude that the order was an appropriate exercise of the superior court's discretion in enforcing a money judgment. Accordingly, we shall affirm.

## I. Factual and Procedural Background[2]

The Schraders were directors and majority shareholders of EBC, a startup company planning to make high-definition theater installations for shopping malls. Wade was the company's chief executive officer. With the business on the verge of failure, Wade was fired and his EBC stock was revoked. Wade sued the Schraders and the minority shareholders for breach of fiduciary duty and conversion, seeking damages for the value of the stock, which Wade alleged to be more than $40 million. After Wade settled with the minority shareholders, Wade and the Schraders entered into an oral agreement under section

---

[1] Further unspecified section references are to the Code of Civil Procedure.

[2] The pleadings do not appear in the record before us. Our description of Wade's claims is taken from the arbitrator's statement of decision, Wade's documents contained in the clerk's transcript, and Wade's briefs on appeal.

664.6 to submit the "disputes presently pending" in the superior court to binding arbitration. The parties agreed that "all rights and claims" they had as a result of the pending litigation would be resolved by the arbitration.

At the arbitration of Wade's claims against the Schraders, the arbitrator concluded that the Schraders had not breached a fiduciary duty but that the stock Wade had acquired when the company was founded was given to him as a gift from the Schraders and, therefore, revocation of the stock was conversion of Wade's property. In determining the value of the stock, the arbitrator rejected the testimony of Wade's expert, who had valued the shares in the millions of dollars. The arbitrator explained, "Under the circumstances valuation is difficult. . . . There was no real market for the shares other than the interested parties. . . . [The Schraders] believed there was some value to the company just as they had believed when it was still in its conception stage. For this reason I find the value to be what they had placed on the value of founders stock at that time. It was '.02 cents penny stock' then, as stock with little development but great expectations; it is still '.02 cents penny stock' at this time, as stock with substantial development but little expectations. Although this was a gift from Schraders, a gift is a gift. Based on the above the value of the stock is $75,514.04." The arbitrator ruled: "An award shall be entered in favor of Wade and against Schrader in the amount of $75,514.04 and simple interest at the rate of 7% from March 2002 to the date of the final award. . . . Wade is prevailing party and entitled to costs as against Schrader." The award specified the procedure Wade was to use to claim costs and that, "Thereafter a final award shall be entered."

Wade moved in the superior court to confirm the award and the Schraders raised no substantive objection. The superior court granted the motion and entered judgment in favor of Wade and against the Schraders for $125,917.23, which represented the $75,514.04 arbitration award, interest on the award, and $26,175.39 in costs.

After judgment was entered, the Schraders asked Wade to file an acknowledgement of satisfaction of the judgment based upon a credit they claimed they were owed due to Wade's prearbitration settlements. Wade had received a total of $170,000 through good faith settlements with the minority shareholders. Wade did not dispute the fact or amount of the good faith settlements. Nevertheless, he refused to acknowledge satisfaction of the judgment and opposed the Schraders motion for an order compelling acknowledgment (§ 724.050, subd. (d)) on the ground that it was, in effect, a belated attempt to correct the arbitration award.

The superior court granted the Schraders' motion, in part. The court noted that in *Syverson v. Heitmann* (1985) 171 Cal.App.3d 106 [214 Cal.Rptr. 581]

(*Syverson*), "[t]he settlement completely offset the damages assessed against the nonsettling defendant, and the settlement reduced the judgment to zero by operation of law." The only difference in this case was that the judgment included an award of costs, which would not be offset by the prior good faith settlements.[3] Accordingly, the court concluded that the Schraders were entitled to a partial satisfaction of the judgment, leaving unsatisfied only the portion of the judgment attributable to costs. The court observed that "it would have been perhaps wiser, at the time of confirmation . . . of the arbitration award to judgment, to have brought this up, rather than to wait, but in any event, that seems to be the most appropriate way to handle this." Wade has timely appealed.

## II. Discussion

### A. Contentions and Standards of Review

Section 877 provides that where a release, dismissal, or covenant not to sue "is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . : [¶] (a) It shall not discharge any other such party from liability unless its terms so provide, but *it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.*" (§ 877, subd. (a), italics added.) Notwithstanding this express provision of section 877, Wade maintains that using his settlement proceeds as a credit in satisfaction of the judgment was, in effect, an untimely and impermissible attempt to correct the arbitration award. The Schraders argue that the superior court's ruling did not change the arbitration award but merely determined how to apply the settlement credit afforded them under section 877.

Wade's appeal boils down to two questions: (1) Do the arbitration statutes (§ 1280 et seq.) prohibit the use of a section 877 settlement credit to satisfy a judgment based upon an arbitration award; and (2) does section 877 permit the nonsettling defendants to wait until *after* judgment to take advantage of the credit afforded them by section 877?

We generally review a ruling granting or denying a section 877 settlement credit under the deferential abuse of discretion standard. (*Erreca's v. Superior Court* (1993) 19 Cal.App.4th 1475, 1504–1505 [24 Cal.Rptr.2d 156].) To the extent that we must decide whether the trial court's ruling was consistent with statutory requirements, we apply the independent standard of review. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

---

[3] A settlement credit does not cover the cost of pursuing the action against nonsettling defendants unless the plaintiff's agreement with the joint tortfeasor expressly covers those costs. (*Reed v. Wilson* (1999) 73 Cal.App.4th 439, 445 [86 Cal.Rptr.2d 510].)

### B. Application of the Settlement Credit Does Not Modify the Arbitration Award

■ As Wade correctly points out, the superior court is very limited in its ability to vacate or correct an arbitration award. (§ 1285 et seq.; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Furthermore, a petition to vacate or correct an arbitration award must be served and filed within 100 days of service of the award on the petitioner. (§ 1288.) Therefore, according to Wade, since the Schraders did not file their motion to compel satisfaction of the judgment until many months after the award was served, and since they have not alleged any of the statutory bases for correcting the award, they cannot apply the settlement credit against the resulting judgment. We have found no case precisely on point but one case is strikingly analogous.

In *Guevara v. Brand* (1992) 8 Cal.App.4th 995, 998 [10 Cal.Rptr.2d 780], this court held that where a judicial arbitration award was silent as to costs, the plaintiff, who had prevailed in the arbitration, was entitled to recover costs by filing a memorandum of costs (Cal. Rules of Court, rule 3.1700) after judgment was entered. The defendant had argued that since the arbitration award did not mention costs the appellate court was precluded from adding costs to the judgment. The defendant also insisted that under the judicial arbitration statutes, it was improper and too late to allow a " 'modification' " of the arbitration award. (*Guevara v. Brand, supra,* at p. 998.) Our court rejected the arguments, noting, "An arbitration award has the same force and effect as a judgment in a civil action or proceeding, and is subject to all provisions of law relating to a civil judgment." (*Id.* at p. 997.) "A cost bill does not affect the arbitrator's determination of the merits, which is the basis of the award . . . ." (*Id.* at p. 998.) Under both the rules of court and the statute allowing costs to a prevailing party, the plaintiff was entitled to recover his costs "*as a matter of right*" and it was "entirely appropriate" to file a memorandum of costs to assert that right even though the arbitrator had failed to include costs in the award. (*Id.* at p. 997.)

■ Although the present case involves contractual arbitration as opposed to judicial arbitration, the same reasoning applies. Once an arbitration award obtained in the course of contractual arbitration has been reduced to judgment, the judgment "has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification; and it may be enforced like any other judgment of the court in which it is entered, in an action of the same jurisdictional classification." (§ 1287.4.) Nothing in the contractual arbitration statutes

prevents the superior court from making a ruling pertaining to the enforcement of the judgment entered upon the arbitration award. Indeed, section 1287.4 counsels that such a judgment must be treated like any other judgment.

▪ Furthermore, like a prevailing party who is entitled to costs, nonsettling defendants are entitled, as a matter of right, to reduce their liability to a plaintiff in the amount of the credit provided by section 877. Section 877, subdivision (a) provides that a good faith settlement with cotortfeasors cuts off the right of the nonsettling tortfeasors to seek contribution or indemnity from the settling tortfeasors and at the same time reduces the nonsettling tortfeasors' ultimate liability to the plaintiff. (*Abbott Ford, Inc. v. Superior Court* (1987) 43 Cal.3d 858, 873 [239 Cal.Rptr. 626, 741 P.2d 124].) This scheme is designed "to provide for equitable sharing of damages among the parties at fault and to encourage settlement." (*Great Western Bank v. Converse Consultants, Inc.* (1997) 58 Cal.App.4th 609, 613 [68 Cal.Rptr.2d 224].) Insulating the settling defendants from future indemnity claims encourages settlement. Allowing the nonsettling defendants a credit against a future judgment promotes equitable sharing of fault and prevents the plaintiff from obtaining an unfair double recovery. Thus, the settlement credit is a "fundamental feature" of the good faith settlement process. (*United Services Automobile Assn. v. Superior Court* (2001) 93 Cal.App.4th 633, 641 [113 Cal.Rptr.2d 328].) It "assures that a plaintiff will not be enriched unjustly by a double recovery, collecting part of his total claim from one joint tortfeasor and all of his claim from another." (*Reed v. Wilson, supra,* 73 Cal.App.4th at p. 444.)

▪ Sometimes a defendant's entitlement to a section 877 settlement credit involves subsidiary issues of fact. (*Albrecht v. Broughton* (1970) 6 Cal.App.3d 173, 177 [85 Cal.Rptr. 659].) In such a case, we assume that it would be appropriate to submit those issues of fact to the arbitrator for decision. But "where there is an admission 'that a settlement has been made with one or more joint tortfeasors in a certain amount there is no factual question to be resolved . . . respecting the settlement.' " (*Ibid.*) That is the situation here. There was never any dispute that Wade had received a total of $170,000 through settlements with the minority shareholders, that the settlements were judicially determined to have been in good faith, and that the settlements were for the same claims Wade had alleged against the Schraders. Thus, the Schraders' entitlement to the credit of $170,000 arose by operation of law when the pretrial settlements were judicially declared to have been in good faith.

Wade argues that the arbitrator took the settlement credit into consideration when he made the award of $75,514.04 so that applying the credit now

modifies the award and gives the Schraders double credit. Taking the opposite tack, Wade also argues that in agreeing to arbitration the Schraders agreed to submit all their claims to the arbitrator for adjudication; having failed to submit the issue of the settlement credit to the arbitrator, they were precluded from raising it in the superior court. Neither argument has merit. Since there was never any dispute concerning the fact or the amount of the settlement credit, it was not a claim or right requiring adjudication. Therefore, the Schraders were not remiss in failing to ask the arbitrator to rule upon it. And, since the Schraders did not ask the arbitrator to rule on the point, it follows that the arbitrator's award would not have taken the credit into account. Indeed, the arbitrator made an award in the exact amount of the value of the stock, which clearly demonstrates that the award was not reduced by the amount of the settlement credit.

Wade cites another case from this court, *Swan Magnetics, Inc. v. Superior Court* (1997) 56 Cal.App.4th 1504 [66 Cal.Rptr.2d 541], in support of his argument that the superior court's order improperly modified the arbitration award. But *Swan Magnetics* involved the question of whether the court could modify an arbitrator-imposed permanent injunction. This court held that the injunction was modifiable but that only the arbitrator had jurisdiction to make the modification. (*Id.* at p. 1512.) Obviously, modification of an injunction affects the substance of the arbitrator's original ruling. Here application of the credit after the judgment did not affect the arbitrator's decision on the merits.

■ In short, since the Schraders were entitled to the settlement credit as a matter of law, and since the arbitrator did not take the settlement credit into account in making the arbitration award, applying the settlement credit in satisfaction of the judgment was not a modification of the arbitration award upon which the judgment was based.

### C. The Postjudgment Motion Was Acceptable Procedure

Wade maintains that there is no statutory authority for the procedure the Schraders employed in this case. It is true that there is no statute that spells out how to claim a section 877 settlement credit such as there is for claiming costs. (§ 1032; Cal. Rules of Court, rule 3.1700.) Section 877 says nothing at all about the process. (*Knox v. County of Los Angeles* (1980) 109 Cal.App.3d 825, 834 [167 Cal.Rptr. 463].) But there is also no statute precluding the process the Schraders used.

■ The cases show that the procedure for applying a section 877 settlement credit varies. In many cases, the jury is given the evidence of a settlement and a special verdict form by which it considers the prior settlement in calculating the verdict. (See *Syverson, supra,* 171 Cal.App.3d at pp. 110–111, citing cases.)

But it is clear that the credit does not need to be raised as an affirmative defense in the pleadings since the settlement may not occur until long after the pleading stage is completed. (*Knox v. County of Los Angeles, supra*, 109 Cal.App.3d at p. 834.) "Also, especially in jury cases, the defendant should not be required to prejudice its defense by disclosing substantial settlements made by codefendants." (*Ibid.*) In cases where entitlement to and the amount of the settlement credit is not in dispute, the nonsettling defendant may raise the issue after the verdict but before judgment so that the trial court may calculate the judgment with the settlement credit in mind. (*Albrecht v. Broughton, supra*, 6 Cal.App.3d at pp. 177–178; *Syverson, supra*, at p. 111, citing cases.) And there are cases in which the trial court has applied a settlement credit by amending the judgment to reflect the credit. (*Wilson v. John Crane, Inc.* (2000) 81 Cal.App.4th 847, 851 [97 Cal.Rptr.2d 240]; *Deocampo v. Ahn* (2002) 101 Cal.App.4th 758, 766 [125 Cal.Rptr.2d 79].)

In our view, the section 877 settlement credit is much like an equitable setoff and may be treated as such. At common law, a setoff is based upon the equitable principle that parties to a transaction involving mutual debts and credits can strike a balance between them. (*Keith G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, 859 [72 Cal.Rptr.2d 525] (*Keith G.*).) The procedure the Schraders used to offset their liability to Wade—a motion to compel acknowledgment of satisfaction of a judgment (§ 724.050, subd. (d))—is an entirely acceptable procedure for balancing offsetting judgments (*Coonan v. Loewenthal* (1905) 147 Cal. 218, 221 [81 P. 527]; *Brienza v. Tepper* (1995) 35 Cal.App.4th 1839 [42 Cal.Rptr.2d 690]). We see no reason why it could not be used here.

We reject Wade's argument that the Schraders waived their right to the settlement credit by failing to bring it to the attention of the arbitrator or the court before judgment was entered. As we have explained, since the credit arose by operation of law, it was not necessary to submit the issue to the arbitrator for adjudication. In any event, the superior court's decision to apply the credit in partial satisfaction of the judgment was an exercise of the court's equitable discretion. (Cf. *Keith G., supra*, 62 Cal.App.4th at pp. 860–861.) Accordingly, the court was entitled to reject any claim of waiver. To be sure, doing otherwise would have given Wade the double recovery section 877 was designed to prevent.

### D. Conclusion

We conclude that, in circumstances such as those before us, where the fact and amount of the settlement credit are undisputed, the use of a motion to compel acknowledgment of satisfaction of judgment (§ 724.050, subd. (d))

does not modify the arbitration award upon which the judgment is based and is an acceptable method of securing the settlement credit afforded a nonsettling defendant by section 877. Certainly, the better practice would be to bring the credit to the attention of the court or the arbitrator before entry of judgment. But in this case, when Wade refused to acknowledge that the credit was available to satisfy the judgment, the Schraders took the next most logical step and asked the superior court to compel the acknowledgement to which they were entitled. Because the fact and amount of the settlement credit were not disputed, the trial court did not abuse its discretion in compelling Wade to acknowledge partial satisfaction of the judgment.

## III. Disposition

The order of the superior court compelling acknowledgment of partial satisfaction of judgment is affirmed.

Rushing, P. J., and Bamattre-Manoukian, J., concurred.