Filed 3/22/13  Plummer v. Day | Eisenberg CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK B. PLUMMER, | |
| Plaintiff and Respondent, | G046567 |
| v. | (Super. Ct. No. 07CC05089) |
| DAY \| EISENBERG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James J. Di Cesare, Judge.  Affirmed.

Eisenberg Law Firm and Mark W. Eisenberg for Defendant and Appellant.

Law Offices of Mark B. Plummer and Mark B. Plummer for Plaintiff and Respondent.

\*          \*          \*

Defendant Day | Eisenberg (D.E.) appeals from a judgment confirming an arbitration award in favor of plaintiff Mark B. Plummer against codefendant Andrew Bisom.[1]  The arbitrator also found Plummer's claims against D.E. were meritless.  D.E. contends the court erred by denying D.E. costs as a prevailing party at arbitration.  Because the arbitrator denied D.E.'s requested costs, the trial court properly denied D.E.'s motion to correct the arbitration award to award D.E. costs.

FACTS

Plummer sued D.E., Bisom, and another defendant for conversion and other causes of action.  Plummer alleged he was entitled to a portion of the settlement proceeds from a personal injury case on which he, D.E., and Bisom had provided legal services.

D.E., Plummer, and Bisom stipulated to submit "the pending claims to a binding arbitration . . . ."  As to costs, the arbitration stipulation contained two provisions: "Parties shall be entitled to costs with respect to the arbitration per code" and "[c]osts of the arbitration will be split equally amongst the three parties subject to reallocation and recoverable costs."

In his written arbitration award, the arbitrator concluded Plummer's tort claims against D.E. were "legally and factually untenable."  As to Bisom, the arbitrator concluded Plummer was entitled to the reasonable value of his services, and awarded

---

[1]  A judgment entered after the court rules on a party's petition to confirm or correct a private arbitration award is appealable under Code of Civil Procedure section 1294, subdivision (d).  All further statutory references are to the Code of Civil Procedure.

The arbitration stipulation provided, "The parties to the arbitration waive any right to appeal."  We deny Plummer's motion for involuntary dismissal of this appeal because we affirm the judgment in favor of Plummer and because the arbitration's stipulation provision that the parties waive any right to appeal is vague (e.g., petitions to confirm or correct an award in the superior court might be considered a form of appeal).

D.E.'s argument concerning the non-appealability of arbitration awards under section 1141.23 is inapposite since that statute applies to judicial arbitration.

Plummer $75,000 (plus $13,846 for costs advanced) from Bisom. The final paragraph of the arbitration award stated: "This award is in full settlement of all claims submitted in this Arbitration. All claims and costs not expressly granted herein are hereby denied."

D.E. moved the arbitrator for an order modifying the arbitration award to allow D.E. "to recover its statutory costs as prevailing party and as previously agreed by the parties at the time of reference." D.E. contended the arbitration award denied Plummer's claims against D.E., but was silent as to costs. D.E. further contended the arbitration award's disallowance of "claims and costs not expressly granted" therein was contrary to the parties' desire and intent in stipulating to arbitration.

The arbitrator issued a subsequent order, stating that he had heard the parties' "proofs and allegations" and had read and considered all documents received "post hearing." He denied all motions and requests.

D.E. filed a memorandum of costs with the superior court. Plummer moved to strike costs since the arbitration award did not award costs to D.E. The court granted Plummer's motion to strike D.E.'s memorandum of costs, because it was undisputed that the arbitration award does not award costs to D.E. and denies all costs not expressly granted therein and that the arbitrator denied D.E.'s motion for correction or clarification of the arbitration award.

D.E. petitioned the court to *correct* the arbitration award by adding the statement, "Pursuant to the parties' Stipulation, [D.E.] shall recover costs from [Plummer] as a prevailing party at arbitration." Plummer petitioned the court to *confirm* the arbitration award.

The court denied D.E.'s petition to correct the arbitration award. The court found the arbitration stipulation was poorly drafted and vague as to costs and did *not* provide that only the court, not the arbitrator, may award costs. The court further stated that errors of law are not grounds for challenging an arbitration award.

3

The court entered judgment granting Plummer's petition to confirm the arbitration award.

DISCUSSION

D.E. contends the court abused its discretion by denying it costs as a prevailing party. D.E. contends a prevailing party at arbitration is "entitled to recover costs as a *matter of right* notwithstanding the arbitrator's failure to award costs" and that the arbitrator acted outside the scope of his reference if he meant to deny D.E. its costs.

D.E. relies on section 1032, subdivisions (a)(4) and (b), California Rules of Court, rule 3.825(a)(1), and *Guevara v. Brand* (1992) 8 Cal.App.4th 995, 997. But California Rules of Court, rule 3.825(a)(1) applies to judicial arbitrations, as opposed to private arbitration. *Guevara*, too, involved a judicial arbitration. (*Guevara*, at pp. 996, 998.) Under section 1032, the term "'prevailing party'" includes "a defendant as against those plaintiffs who do not recover any relief against that defendant." (*Id*., subd. (a)(4).) Subdivision (b) of section 1032 provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

An arbitrator does not exceed his or her powers by deciding an issue submitted for arbitration under the arbitration agreement. (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 25 (*Pierotti*); see also *Corona v. Amherst Partners* (2003) 107 Cal.App.4th 701, 705 (*Corona*) [scope of arbitration and powers of arbitrator defined in accordance with agreement].) A court should "'refrain from substituting its judgment for the arbitrator's in determining the contractual scope of those powers.'" (*Pierotti*, at p. 25.) Where the arbitration agreement does "not limit the issues to be resolved through arbitration, the issue of [a party's] entitlement to attorney fees and costs, [is] subject to determination in arbitration proceedings." (*Corona*, at p. 706.)

4

Here, the arbitration stipulation broadly submitted all "pending claims" to binding arbitration. In addition, the arbitration stipulation specified that costs were to be determined in accordance with two provisions in the stipulation. Those provisions were vague and potentially inconsistent, and certainly provided no clear guidance to the arbitrator. "[W]here an arbitrator's denial of fees to a prevailing party rests on the arbitrator's interpretation of a contractual provision within the scope of the issues submitted for binding arbitration, the arbitrator has not 'exceeded [his or her] powers' [citations] as we have understood that narrow limitation on arbitral finality." (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 773.)

"[T]he grounds for judicial review of a contractual arbitration award are extremely limited." (*Pierotti*, *supra*, 81 Cal.App.4th at p. 23.) A court "cannot review the merits of the controversy, the arbitrator's reasoning, or the sufficiency of the evidence supporting the award. [Citation.] Even 'an error of law apparent on the face of the award that causes substantial injustice does not provide grounds for judicial review.' [Citation.] Code of Civil Procedure sections 1286.2 [grounds for vacating award] and 1286.6 [grounds for correcting award] provide the only grounds for challenging an arbitration award."[2] (*Pierotti*, at p. 23.) As to an arbitrator's determination whether to award attorney fees and costs, where the "parties have agreed their dispute will be resolved by binding arbitration, judicial intervention is limited to reviewing the award to see if statutory grounds for vacating or correcting the award exist." (*Corona*, *supra*, 107 Cal.App.4th at p. 706.) Thus, where an "arbitrator did not designate a prevailing party and simply directed the parties to bear their own attorney fees and costs," the arbitrator

---

[2] Under section 1286.6, the grounds for judicial correction of an arbitration award are (1) "an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award," (2) arbitrator exceeded power "but the award may be corrected without affecting the merits of the decision upon the controversy submitted," or (3) "award is imperfect in a matter of form, not affecting the merits of the controversy."

did not exceed his powers. (*Carole Ring & Associates v. Nicastro* (2001) 87 Cal.App.4th 253, 259, fn. 5.) A court may not correct a binding arbitration award "to award a party attorney fees [that] the arbitrator declined to provide." (*Moore v. First Bank of San Luis Obispo* (2000) 22 Cal.4th 782, 784.) Our Supreme Court held that "[w]here the entitlement of a party to attorney fees . . . is within the scope of the issues submitted for binding arbitration, the arbitrators do not 'exceed[] their powers' [citations], as we have understood that narrow limitation on arbitral finality, by denying the party's request for fees, even where such a denial order would be reversible legal error if made by a court in civil litigation." (*Ibid.*)

In sum, the trial court did not err by denying D.E.'s petition to correct the arbitration award.

Plummer requests appellate sanctions on the ground D.E.'s appeal is frivolous. "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive — to harass the respondent or delay the effect of an adverse judgment — or when it indisputably has no merit — when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "Here, it cannot be said that 'any reasonable person would agree that [appellant's position] is totally and completely devoid of merit . . . .'" (*Id.* at p. 651.) Nor did Plummer file a separate motion requesting sanctions as required by California Rules of Court, rule 8.276. We deny the request for appellate sanctions.

DISPOSITION

The judgment is affirmed.  Plummer shall recover his costs on appeal.


                                                    IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.